### TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

### Ira WAGNER, Appellee.

No. 15703.

Court of Civil Appeals of Texas.
Fort Worth.

March 23, 1956.

a district court of Wichita County for damages based on allegations the defendant wrongfully caused various employers, who carried Workmen's Compensation insurance with defendant, to discharge plaintiff.

The defendant filed a statutory plea of privilege to be sued in Dallas County, its residence.

The plaintiff's controverting affidavit claimed venue in Wichita County by virtue of subdivision 9 and that portion of subdivision 23, Article 1995, Vernon's Tex.Civ. St., which provides that suit may be brought against a private corporation "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

No evidence was introduced in an effort to sustain venue under subdivision 9.

In order to maintain venue under subdivision 23, the plaintiff merely introduced evidence he had resided in Wichita County continuously since 1946, that the defendant was a private corporation and had maintained an agent in Wichita County at all times since 1950.

The plea of privilege was overruled.

■ The defendant contends the court erred in overruling the plea of privilege because of the absence of any evidence as to the existence of a cause of action or as to the time the cause of action or part thereof arose. This point of error must be sustained.

The only evidence introduced has been set out above. In addition to the evidence introduced, it was necessary for plaintiff, in order to maintain venue in Wichita County under subdivision 23, to prove facts showing that he had a cause of action against the defendant, and that said cause of action or a part thereof arose while plaintiff was a resident of said County and that defendant had an agent therein. Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165; Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605;

---

Leachman, Gardere, Akin & Porter, and Henry D. Akin, Dallas, for appellant.

Wilson & Wilson and L. T. Wilson, Wichita Falls, for appellee.

RENFRO, Justice.

This is a venue case.

The plaintiff Wagner sued the defendant, Texas Employers' Insurance Association, in

East Texas Motor Freight Line v. Jackson, Tex.Civ.App., 216 S.W.2d 686; Golasinski v. Warren Refrigerator Co., Tex.Civ.App., 226 S.W.2d 220; Swift & Co. v. Mackey, Tex.Civ.App., 216 S.W.2d 242; McDonald, Texas Civil Practice, Vol. 1, p. 397; Clark, Venue in Civil Actions, p. 130, sec. 9.

The evidence is insufficient to hold venue in Wichita County under subdivision 23. Since it appears that the case was not fully developed the judgment will be reversed and remanded. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

 The defendant also presents a point of error based on its contention that it was not in fact a private corporation, association or joint stock company, such as could be sued in a county other than its residence under subdivision 23, and since there was no evidence offered under the trespass exception, subdivision 9, the court erred in overruling its plea of privilege and this court should reverse and order the cause transferred to Dallas County, citing Board of Insurance Comm'rs v. Texas Employers' Ins. Ass'n, 144 Tex. 543, 192 S.W.2d 149; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; Texas Employers Ins. Ass'n v. Russell, 127 Tex. 230, 91 S.W.2d 317; Texas Employers' Ins. Ass'n v. Collier, Tex.Civ.App., 77 S.W.2d 878.

The plaintiff's petition alleged the defendant was a corporation. The defendant's sworn plea of privilege described itself as a private corporation. The defendant's attorney testified that he signed and swore to the plea of privilege, wherein it was alleged the defendant was a private corporation. There was no denial by the defendant, sworn or otherwise, that it was not a private corporation. Nothing was called to the attention of the court by evidence or otherwise that defendant was anything other than its own pleading showed it to be. In view of the state of the record at the time of the hearing, the court did not err in treating the defendant as a private corporation. Houston Milling Co., Inc., v. Carlock, Tex.Civ.App., 183 S.W.2d 1013; Clark, Venue in Civil Actions, p. 128, sec. 7.

The plaintiff requests, in the event of a remand, that this court issue an instruction that defendant be treated as a private corporation for the purpose of a rehearing on the venue question. As we understand the rule, either or both parties may amend before the venue question is retried. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; Red Arrow Freight Lines, Inc., v. Cagle, Tex.Civ.App., 206 S.W.2d 1019.

Because of the insufficiency of the evidence to show a cause of action, the judgment of the trial court overruling defendant's plea of privilege is reversed and remanded.

Reversed and remanded.