Gene LARY, Appellant,

v.

AMERICAN INDEMNITY CO.,
Appellee.

No. 15159.

Court of Civil Appeals of Texas.

Dallas.

Nov. 23, 1956.

**358**

Willis & Willis and Gene Lary, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellee.

YOUNG, Justice.

This is a venue case. In original petition appellant, plaintiff Lary, alleged ownership of 32 shares of defendant's stock by Bill of Sale from Receiver of Lloyds America* on December 30, 1946; of demand made for issuance of same to him plus accrued dividends, or in the alternative for damages in amount of $1,600, as for conversion. Defendant corporation interposed plea of privilege to be sued in Galveston County, where its principal office was located; plaintiff filing controverting affidavit and asserting right to maintain suit in Dallas County under subd. 23, Art. 1995, V.A.C.S., which provides in part:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in

which the cause of action or part thereof arose; *or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county* * * *." (Emphasis ours.)

On hearing to the court, the plea was sustained with transfer of cause in accordance; from which adverse action plaintiff has duly perfected an appeal.

■ It is not disputed that plaintiff had been a resident of Dallas County at all material dates; it was similarly stipulated that defendant corporation had maintained an agency or representative in such county. Under the italicized proviso of Exception 23, above, it is well settled that on the hearing in question, the burden was upon plaintiff to establish by a preponderance of the evidence all the necessary elements of his cause of action, and that same or a part thereof arose while he was a resident of the county of suit; Trinity Universal Ins. Co. v. Wallace, Tex.Civ. App., 186 S.W.2d 86; Id., Tex.Civ.App., 187 S.W.2d 715; Texas Employers' Ins. Ass'n v. Wagner, Tex.Civ.App., 288 S.W. 2d 882.

Evidence heard at the trial was from plaintiff only, and mainly documentary; the defense making objections to various of the exhibits and cross-examining Lary. This written evidence may be detailed generally as follows: (1) The December 1946 Bill of Sale from McCorkle, Receiver, to Lary, consideration $100, transferring named corporate stocks to Gene Lary; further reciting: "Together with all other shares of corporate stock, stock certificates, and other securities of every kind and character owned by Lloyds America or in which the Estate of Lloyds America has any right, title, interest or claim, including those specifically listed and described

---

* Lloyds America, operating under the Lloyds plan, Ch. 19, Title 78, Texas Civil Statutes, Art. 18.01 et seq., V.A.T.S. Ins.Code, was adjudged insolvent on March 17, 1939 in 53rd District Court, Travis County, on suit of the Attorney General of Texas.

above, and any and all others"; (2) Order of the 53rd District Court, Travis County, dated March 17, 1939, placing Lloyds America in receivership; (3) Order of same Court on December 30, 1946 authorizing sale of remaining stocks and assets of the Estate, inclusive of Certificates belonging to Lloyds which may have been lost or misplaced, thereby winding up the receivership; (4) Certified Copy of Annual Statement, Lloyds of America of San Antonio, Texas, as filed with the Commissioner of Insurance showing stocks owned by it on December 31, 1935, among which was listed 32 shares American Indemnity Company; (5) Certified Copy of Fee and Tax Return filed by Lloyds with said Board of Insurance Commissioners on February 27, 1934, with schedule inclusive of the same 32 shares of stock; (6) Orders of the State Board of Insurance Commissioners dated March 16, 1939, cancelling the Certificate of Authority of Robert A. Hicks to act as Attorney-in-Fact for underwriters of Lloyds America as of March 1, 1939, also declaring it insolvent and referring the file to the Attorney General for proceedings of receivership; (7) copy of letter from Gene Lary to American Indemnity Company, dated January 27, 1954, relating facts such as to demonstrate that among the assets of Lloyds America when taken over by McCorkle, Receiver, on March 17, 1939, was 32 shares of defendant's stock; and further that: "I have purchased from Sam McCorkle, Receiver for Lloyds America, all stocks and securities belonging to the receivership estate, including these 32½ shares, with accumulated unpaid dividends. I wish to have transfer made on your books and new certificate issued to me. However, the old certificates have become lost or mislaid"; and (8) reply letter of appellee to plaintiff of the following day, viz:

"Dear Sir:
"Re: American Indemnity Co.
Stock Lloyds America

"Our records indicate a transfer of thirty-two shares of American Indem-

nity Company stock from Lloyds of America to United States Securities Corporation of Galveston on March 18, 1939. The signature on the Certificate for the 32 shares (which were the entire number of shares outstanding at the time) was guaranteed by the National Bank of Commerce at San Antonio, Texas. The Certificate was signed by Mr. Robert A. Hicks as Attorney-in-Fact. We sincerely hope this gives you the information you require; if not, let us hear further from you. Very truly yours, /s/ N. Hartung, Asst. Secretary."

▉ Appellant interprets above letter of Hartung, Assistant Secretary, as an admission that on inception of Lloyds America Receivership the 32 shares of American Indemnity stock was among its assets; and in consequence that a transfer of the stock the following day by Robert A. Hicks, Attorney-in-Fact, was ineffectual and void as a transfer of title to U. S. Securities Corporation; ownership thereof continuing in the receiver until sold in 1946 to plaintiff as lost or mislaid stock; thus sufficiently establishing a cause of action in him for purpose of venue. But the letter in question is susceptible to diverse inferences. Defendant Company concedes, of course, that Hicks, Attorney-in-Fact, had no authority on March 18, 1939 to transfer any stock; arguing that plaintiff has erroneously taken that date as the time when the certificate for 32 shares was endorsed for transfer by Hicks to U. S. Securities Corporation. Such letter refers to what "our records indicate"; in which case, says appellee, "then certainly the endorsement of the Certificate to United States Securities Corporation and the delivery of it to that corporation, so that it in turn could send it in to the office of American Indemnity Company, must necessarily have taken place some time earlier"; that is, at a time when the stock could have been validly sold. Manifestly,

the trial court in sustaining the venue plea followed defendant's interpretation of the Hartung letter. Such being the state of the record, the court's ruling may be affirmed on either of two grounds: (1) If this letter may be treated as evidence susceptible of conflicting inferences, the following principle announced in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95, must be applied: "Since article 2008 authorizes appeal from the judgment sustaining or overruling the plea of privilege and contains nothing to indicate that the review by the appellate court shall be in any respect different from its review of any other case, the power of the Court of Civil Appeals in reviewing the fact findings of the trial court is the same as it is in any other appealed case. The certificate states that in this case the evidence on the issue as to the commission of the offense was sharply conflicting and was sufficient to support the trial court's finding in favor of the defendant. Such being the record, the finding of the trial court should not be disturbed. 3 Texas Jur. pp. 1093–1099, 1102, 1103, §§ 767–769, 770."

■ (2) Appellant does not contend that the evidence adduced is so overwhelming as to have entitled him to an instructed verdict had the issue been tried to a jury. At most, he simply insists that he has established a cause of action by a preponderance of the testimony. A ruling adverse to appellant in the situation thus presented brings into play the formula announced in Banks v. Collins, 152 Tex. 265, 257 S.W. 2d 97: "If, discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding."

The order of court sustaining defendant's venue plea is affirmed.