**FURR'S, INC., Appellant,**

**v.**

**A. A. BEHRINGER, Appellee.**

**No. 3569.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1960.

Rehearing Denied Nov. 23, 1960.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Huff, Splawn & Bowers, Lubbock, for appellee.

WALTER, Justice.

This is a venue case. A. A. Behringer, Sr., for and on behalf of his wife, Euna Behringer, filed suit against Furr's, Inc., for damages for injuries sustained by his wife when she slipped and fell as a result of green peas and pea hulls having accumulated on the floor of the store. Suit was filed in Scurry County where said Furr's store is located. Furr's filed a plea of privilege to be sued in Lubbock County, the county of its domicile. Behringer controverted said plea and alleged facts sufficient to invoke exceptions 9, 9a and 23 of Article 1995 of Vernon's Annotated Civil Statutes.

■ We find the general and familiar rule of venue stated by our Supreme Court in Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969, 972, as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear." This statement by Judge Gallagher was approved by the Commission of Appeals in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95: "Judge Gallagher, writing the opinion in Fagg v. Benners, (Tex.Civ.App.), 47 S.W. (2d) 872, 874, said: 'Appellant's plea of privilege merely placed upon appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, which means the greater degree and weight of credible testimony.'"

F. W. Woolworth Co. v. Goldston, Tex. Civ.App., 155 S.W.2d 830, 831 (Ref. Want Merit), was "a slip and fall" case involving a plaintiff who alleged she slipped on a banana peel and the court said: "Regardless of the fundamental principles of law upon which it may be based, the rule is now firmly established in this state, as well as many other jurisdictions in this country, that, in cases like this, negligence must be predicated upon the existence of the danger-ous condition being actually known to the merchant or shopkeeper or upon the existence of such condition for such a length of time as that the failure to discover it and eliminate it raises an issue of negligence." Also see Furr's, Inc. v. Martin, Tex.Civ. App., 296 S.W.2d 607.

The appellee says: "Our point is simply that if it is shown that the defendant is a corporation and that plaintiffs resided in the county where the cause of action arose, this in itself is sufficient to maintain venue in Scurry County without the necessity of proving negligence as would have to be done under section 9 and 9A." We cannot agree with appellee's theory of the venue facts under subdivision 23 of Article 1995. In the case of Texas Employers' Insurance Ass'n v. Wagner, Tex.Civ.App., 288 S.W.2d 882, 883, the plaintiff relied upon that portion of subdivision 23 which provides that suit may be brought against a private corporation "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county." The plaintiff introduced evidence that he resided in Wichita County, the county in which said suit was filed and that the defendant was a private corporation and had maintained an agent in said Wichita County at all times material to the plea of privilege hearing. The trial court overruled the plea of privilege. Judge Renfro of the Fort Worth Court of Civil Appeals said: "The defendant contends the court erred in overruling the plea of privilege because of the absence of any evidence as to the existence of a cause of action or as to the time the cause of action or part thereof arose. This point of error must be sustained. The only evidence introduced has been set out above. In addition to the evidence introduced, it was necessary for plaintiff, in order to maintain venue in Wichita County under subdivision 23, to prove facts showing that he had a cause of action against the defendant, and that said cause of action or a part thereof arose while plaintiff was a resident of said County and that defendant had an agent therein." Also see Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W. 2d 605, and Lary v. American Indemnity Co., Tex.Civ.App., 297 S.W.2d 357.

■ We hold that the appellee failed to prove the necessary venue facts. Since it appears that the case was not fully developed, the judgment will be reversed and the case remanded.

Judgment reversed and remanded.