**Kenneth CLINE, Appellant,**

v.

**SOUTHWEST WHEEL & MFG. COMPANY, Appellee.**

**No. 7456.**

Court of Civil Appeals of Texas.

Amarillo.

April 19, 1965.

J. R. Blumrosen, Lubbock, for appellant.

O'Connor & Brister, Lubbock, for appellee.

DENTON, Chief Justice.

This is an appeal from the order of the District Court of Lubbock County sustaining the plea of privilege filed by appellee, defendant below. Kenneth Cline filed suit against Southwest Wheel & Mfg. Company seeking to recover the amount of Federal excise taxes assessed against Cline. Cline relies on Subdivision 23 of Article 1995, Vernon's Ann.Civ.St., to controvert the plea of privilege. The trial court sustained the plea of privilege and ordered the case transferred to Dallas County, the location of defendant's principal office.

In his original petition appellant alleged he executed a bill of sale whereby he sold his business known as Cline Trailer Mfg. Company to appellee; that certain debts and obligations were thereby assumed by appellee; that a discussion was had between the parties that Cline might owe certain Federal excise taxes by reason of operating his business; that the assumption of the possible Federal excise taxes was omitted from the bill of sale by agreement of the parties; but that appellee orally agreed to assume and become liable for the excise taxes if they were in fact assessed against Cline's business. It was further alleged the Federal excise taxes were subsequently assessed against Cline's business, and he seeks to recover over and against appellee for such sum.

Appellant's only point of error contends the trial court erred in finding the appellant, plaintiff below, did not prove sufficient facts to constitute a cause of action against appellee. The material portion of Subdivision 23 of Article 1995 is as follows:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; *or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county;*". (Emphasis added)

It is undisputed Cline was a resident of Lubbock County and that the defendant corporation maintained an agency or representative in such county at all times material to this case. Under the above-italicized provision of Subdivision 23 it is well established that in order for the plaintiff to maintain venue in Lubbock County it is necessary to prove by a preponderance of the evidence that he had a cause of action against the defendant and that said cause of action or a part thereof arose while the plaintiff was a resident of such county and that the defendant had an agent or representative therein. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605; Furr's, Inc. v. Behringer, (Tex.Civ.App.), 340 S.W.2d 125; Lary v. American Indemnity Co., (Tex.Civ.App.), 297 S.W.2d 357; Texas Employers' Ins. Ass'n v. Wagner, (Tex.Civ.App.), 288 S.W.2d 882.

The sole question is whether or not plaintiff sustained the burden imposed under Subdivision 23. The only testimony offered relative to the elements of his cause of action and that the same or part thereof arose while a resident of Lubbock County was the following testimony of Cline:

"Q. Mr. Cline, the basis generally of this lawsuit is what is set forth in your petition, is that not correct?

"A. Yes, it is.

"Q. And it arises out of this bill of sale and certain obligations you believe Southwest Wheel obligated themselves to under that, is that not correct?

"A. Yes, that's true.

"Q. And I believe by your petition it's your contention that Southwest Wheel and Manufacturing Company, the Defendant here, breached part of their obligation to you, is that not correct?

"A. Yes, that's true.

"Q. And when that breach occurred, or if there has been a breach, you were living in Lubbock and they had an office out here at 1501 East Broadway here in Lubbock, is that not correct?

"A. Yes, sir.

"Q. And it's on the basis of this contract that you had back with them in February of 1963 that you're basing your lawsuit on, is that not correct?

"A. Yes, sir."

No other testimony was offered to support plaintiff's cause of action against the defendant. All that can be said for Cline's testimony is that it makes reference to the petition and bill of sale and that his claim is based on these instruments. Pleadings, including sworn pleadings are hearsay. Such evidence has no probative force even when admitted without objection. Wood v. Self, (Tex.Civ.App.), 362 S.W.2d 188. Appellee's pleadings and the attached bill of sale do not constitute evidence. Wood v. Self, supra; Jones v. Womack-Henning & Rollins, (Tex.Civ.App.), 53 S.W.2d 635; Yantis v. Gilliam, (Tex.Civ.App.), 62 S.W.2d 173. We are of the opinion appellant wholly failed to prove a cause of action against the defendant and is therefore not entitled to maintain venue in Lubbock County under Subdivision 23 of Article 1995, V.A.C.S.

The judgment of the trial court is affirmed.