**SAN ANTONIO TENT & AWNING COMPANY, Appellant,**

v.

**Charles W. MARTIN, Appellee.**

**No. 7925.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 4, 1969.

Rehearing Denied March 4, 1969.

Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, for appellant.

Lovett & Fowler, Clarksville, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Charles W. Martin, sued defendant-appellant, San Antonio Tent & Awning Company, for damages alleging that a tarpaulin that was purchased in Red River County to cover a large stack of hay was defective and that a small metal eye pulled loose from the tarpaulin causing the appellee to fall from the top of the hay stack, about twenty feet, to the ground. Appellant filed a plea of privilege seeking to remove the case to Bexar County. The plea was controverted under Sub-Section 23 of Article 1995, Vernon's Ann.Tex.Civ. St. The case was tried to the court without a jury. Judgment was entered overruling the plea of privilege. Appellant has perfected its appeal and brings forward two points of error.

By Point One, appellant says the trial court erred in overruling the plea of privilege because appellee failed to prove the necessary facts to establish venue in Red River County under Sub-Section 23 of Article 1995, V.A.T.C.S. which provides that a suit may be brought against a private corporation in the county in which the

plaintiff resided at the time the cause of action, or a part thereof, arose, provided such corporation has an agency or representative in such county. Appellee took the position that a certain retail merchant, who had a place of business in Clarksville, Red River County, from whom the tarpaulin was purchased, was an agent or representative of the appellant. There is no proof in the record that the retail merchant in Red River County was an agent or a representative of the appellant. It was necessary to plead and prove such facts. The pleading is sufficient but there is no proof. Furr's, Inc., v. Behringer (Tex.Civ. App.1960), 340 S.W.2d 125, N.W.H.; Lary v. American Indemnity Company (Tex. Civ.App.1956) 297 S.W.2d 357, N.W.H. The point is sustained.

By Point Two, appellant says that the trial court erred in overruling the plea of privilege because appellee failed to prove facts establishing venue in Red River County under that part of Sub-Section 23 of Article 1995, V.A.T.C.S., providing that an exception to the general rule of venue whereby a suit against a private corporation may be brought in the county in which the cause of action, or a part thereof, arose. There is no proof in the record that appellant manufactured the tarpaulin. There was proof that the tarpaulin was in a box that had appellant's name upon it, but plaintiff is required to prove the following elements in order to establish a cause of action under the strict liability law:

(1) That appellant is engaged in selling the product.

(2) That the product is defective.

(3) That the defect renders the product unreasonably dangerous to the user or the consumer, and

(4) That the product reaches the user or consumer without substantial change; and,

(5) That the defective product is the proximate cause of the injury.

We think it is further incumbent upon the appellee to prove that the product was in a defective manner at the time it was manufactured in the case at bar and that nothing happened to the tarpaulin between the time of the manufacture and the time of the injury to make it more defective. McKissen v. Sales Affiliates, Inc. (Tex. Sup.Ct.1967), 416 S.W.2d 787; Jones v. Philco Distributors, Inc. (Tex.Civ.App. 1966), 416 S.W.2d 611, N.W.H. See, also, Admiral Motor Hotel of Texas, Inc., v. Community Inn (Tex.Civ.App.1965), 389 S.W.2d 694, N.W.H. The point is sustained.

The judgment of the trial court is reversed and rendered.