**WIRE ROPE CORPORATION OF AMER-ICA, Inc., Appellant,**

v.

**Roy BARNER, Appellee.**

**No. 436.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 16, 1969.

Otto A. Ritter and T. John Ward, Longview, for appellant.

Tyner, Bain & Creel, Jerry Bain, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is a venue action in which appellant has appealed from an order overruling its plea of privilege.

Appellee, Roy Barner, instituted this action in the 7th District Court of Smith County, Texas, against Southern Ice Company and the appellant, Wire Rope Corporation of America, Inc.

The suit arises out of personal injuries allegedly sustained by Roy Barner at the Southern Ice Company's business in Tyler, Texas, on March 24, 1967. On that date, Roy Barner and other individuals had gone to the storage facilities of Southern Ice Company for the purpose of removing meat or meat by-products from the storage facilities rented from Southern Ice. Roy Barner and the other individuals used an elevator to go from a street level location to the storage facilities on the next floor. The elevator was owned by and was the exclusive property of Southern Ice Company. The appellee Barner claims injuries resulted to him when the cable holding the elevator on which he was riding broke, causing the elevator to fall to the ground.

Appellee's (plaintiff below) petition alleged that the appellant was guilty of manufacturing and having in use to the general public a cable advertised and held out to the general public to be capable of supporting approximately ten times the weight of the load on the elevator at the time the cable broke. The appellee alleged that this was "an express and implied warranty"; that this was false, because in truth and in fact, the cable would not support the weight as advertised and therefore it was defective; further that the appellant was negligent in failing to act to discover the defective cable and that this was negligence and a proximate cause of the injuries to the appellee, Roy Barner; that the elevator and the cable, at all times prior to the breaking of the cable, were under the exclusive joint management, control and possession of the defendants or their agents, servants and employees. The doctrine of res ipsa loquitur was asserted.

Appellee's cause of action against Wire Rope is based on two theories: (1) in failing to act to discover the defective cable; (2) strict liability.

Appellant, Wire Rope, filed its plea of privilege alleging that it was not, at the institution of such suit nor at the time of the service of process therein nor at the time of the filing of such plea, a resident of Smith County, Texas, and further alleging that its principal place of business was in Harris County, Texas, at such time. It is uncontroverted that the appellant is a corporation with its principal place of business in Houston, Harris County, Texas.

Appellee, by his amended controverting plea, asserted venue under Sections 4, 9a, 23, 27 and 29a of Article 1995 of Vernon's Ann.Tex.Civ.St. However, appellant in its brief concedes that Subdivision 4 is not applicable.

After a hearing thereon, the plea of privilege was overruled.

Appellant contends that venue is not properly placed in Smith County, Texas, under either Sections 9a, 23, 27 or 29a of Article 1995, V.T.C.S.

Appellee in his brief says: "The only question before this Court is whether or not a part of the cause of action arose in Smith County, Texas."

To defeat defendant's plea of privilege of being sued in the county of its residence, when challenged, the burden is on plaintiff to allege and prove that his case is within statutory exception. The venue facts which plaintiff must allege and prove to defeat the plea of privilege are those stated in the particular statutory exception applicable to the cause of action as alleged. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694, 698 (Tex.Civ.App., Tyler 1965, n. w. h.).

Under the evidence in this case, appellee must rely upon Exception 23 to sustain his contention that the cause of action alleged against appellant or a part thereof arose in Smith County, Texas. Therefore, one of the venue facts appellee had the burden to establish was that appellee has, in fact, a cause of action against appellant. Unless there is, in fact, a "cause of action", there could be no "part thereof" arising anywhere. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., supra.

Therefore, before reaching the question as to where the "cause of action" or a "part thereof" arose, we must determine whether appellee, by a preponderance of the competent evidence established, did, in fact, have a cause of action against the appellant, Wire Rope Corporation of America, Inc.

■ An essential element of appellee's cause of action is that the cable was in a defective condition as it left the hands of the manufacturer, which in the case at bar is alleged to be Wire Rope Corporation of America, Inc. San Antonio Tent & Awning Company v. Martin, 437 S.W.2d 647 (Tex.Civ.App., Texarkana, 1969, n. w. h.) ; Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (S.Ct., 1967) ; Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder, 443 S.W.2d 546, 548 (S.Ct., 1969). See 41 T.L.R. 858 for a discussing of this question by Dean Page Keeton of the University of Texas Law School.

There is no proof in the record that the cable in question, which was purchased September 21, 1965, eighteen months before the accident in question, was defective at the time appellant surrendered possession.

Appellee also relies upon the doctrine or theory of res ipsa loquitur to sustain the judge's order overruling appellant's plea of privilege. The Supreme Court in Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder, supra, says: "Res ipsa loquitur is a rule of evidence which permits a jury to infer negligence, without proof of specific negligent conduct on the part of the defendant, if the accident is of a type which does not ordinarily occur in the absence of negligence and if the instrumentality inflicting the harm is within the exclusive control of the defendant. * * *"

Applying this doctrine, appellee says that he has shown that a part of the cause of action accrued or arose in Smith County, Texas, because the undisputed testimony shows that Wire Rope, the appellant, is a corporation and the elevator fell and plaintiff sustained his injuries in Smith County, Texas, and consequently venue is sustainable in Smith County under Exception 23.

■ Res ipsa loquitur is inapplicable to the case at bar because an essential element to the invoking of this doctrine is that the thing that caused the injury is shown to have been under the exclusive management and control of the alleged wrongdoer. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 667 (1935) ; Benkendorfer v. Garrett, 143 S.W.2d 1020, 1022 (Tex.Civ.App., San Antonio, 1940, writ dism. judgm. cor.) ; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445 (1944) ; Jones v. Nafco Oil and Gas, Inc., 380 S.W.2d 570 (S.Ct., 1964) ; 21 Tex.Jur.2d, page 564, Sec. 27.

■ In reaching our decision, we are not unmindful that for the doctrine of res ipsa loquitur to apply, the instrumentality causing the injury need not be under the exclusive control of a single entity; that such doctrine, as a general rule, may be applied to multiple defendants where there has been joint control of the instrumentality or agency causing the injury. Bond v. Otis Elevator Company, 388 S.W.2d 681 (S.Ct., 1965). However, in the instant case appellee failed to prove by any competent evidence that the appellant had any control or management over the elevator at any time or the cable in question at any time subsequent to the time it surrendered possession thereof.

In Restatement of the Law of Torts (Second Ed.), Sec. 402A, Comment (g), we find the following statement concerning strict liability:

"(g) * * * The seller is not liable when he delivers the product in a safe condition, and subsequent mishandling or other causes make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition

**364**

at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained."

The judgment of the trial court overruling the defendant's, Wire Rope Corporation of America, Inc., plea of privilege is reversed and the cause is remanded with instructions to the trial court to enter an order sustaining the plea of privilege and transferring the case as to the defendant, Wire Rope Corporation of America, Inc., only, to a District Court in Harris County, Texas, in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.