**WEST TEXAS EQUIPMENT COMPANY, Appellant,**

v.

**Bill W. ABELL, Appellee.**

**No. 8060.**

Court of Civil Appeals of Texas, Amarillo.

July 20, 1970.

Rehearing Denied Aug. 17, 1970.

Stokes, Carnahan & Fields and Richard Dambold, Amarillo, for appellant.

J. R. Blumrosen, Lubbock, for appellee.

DENTON, Chief Justice.

This is a venue case. The appeal is from an order of the District Court of Lubbock County overruling the plea of privilege filed by appellant, defendant below. Suit was instituted by Bill W. Abell against West Texas Equipment Company for unpaid commissions under an oral employment contract entered into by the parties. Appellant's plea of privilege to be sued in Potter County was controverted by Abell who relied on Subdivision 23 of Article 1995, Vernon's Ann.Civ.St. to maintain venue in Lubbock County.

Abell had been employed by West Texas Equipment Company as a salesman, beginning on August 1, 1956. It is undisputed that under the terms of the contract of employment under which Abell worked for approximately 13 years, Abell was paid a base salary of $500.00 per month, plus 2 per cent of sales and rentals of new equipment and 3 per cent of all sales and rentals of used equipment made by Abell. His em-

ployment with the defendant terminated on May 31, 1969.

Appellant's only point of error contends the trial court erred in overruling its plea of privilege because of appellee's failure to prove a cause of action against appellant. The material parts of Subdivision 23 of Article 1995 are as follows:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

It is undisputed Abell was a resident of Lubbock County, and that the defendant corporation maintained an agency or representative in Lubbock County at all times material to this case. Abell performed his services and was paid in Lubbock County. All parties agree that in order for the plaintiff to maintain venue in Lubbock County under Subdivision 23, it is necessary for plaintiff to prove a cause of action; and that said cause of action, or a part thereof, arose in such county while plaintiff was a resident of that county; and that the defendant corporation had an agent therein. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605; Cline v. Southwest Wheel & Mfg. Co. (Tex.Civ.App.) 390 S.W.2d 297 (N.W.H.); Ideal Baking Co. v. Boyd (Tex.Civ.App.) 417 S.W.2d 613 (N.W.H.).

Abell testified concerning the undisputed terms of his employment contract. He admitted he had received his regular base monthly salary throughout his employment. He further testified the company owed him for commissions earned prior to the termination of his employment; that he had made demand upon the company for such commissions; but his demand had been refused. The company vice president and general manager of the Lubbock outlet admitted, "a dispute has arisen" between the company and Abell "about moneys due and owing to him (Abell) for his commissions," and that there, "is a difference of opinion" concerning Abell's claim for commissions he alleged are due him. It is Abell's testimony that at the time he left defendant's employment he had no "doubt" the defendant would pay the commissions here claimed, but they had not done so. The evidence supports the implied finding of the trial court that the plaintiff below did prove a cause of action for venue purposes; and that such cause of action arose in Lubbock County. We conclude the suit was properly retained in Lubbock County under Subdivision 23 of Article 1995.

The judgment of the trial court is affirmed.