**Orvin BLACKWELL et ux., Appellants,**

**v.**

**I. B. CHAPMAN, II, Appellee.**

**No. 6305.**

Court of Civil Appeals of Texas, El Paso.

Feb. 28, 1973.

Svanas & Svanas, George W. Svanas, Gloria T. Svanas, Odessa, for appellants.

Turpin, Smith, Dyer, Harman & Osborn, Max N. Osborn, Midland, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a venue case. Orvin Blackwell, et ux., Plaintiffs-Appellants, filed suit against I. B. Chapman, II, Defendant-Appellee, for damages arising out of a real estate lease on land in Midland County. The trial Court entered judgment transferring the cause to the District Court of Tarrant County. We affirm.

Under the established procedure on venue questions, the mere filing of a proper plea of privilege constitutes prima facie proof of the defendant's right to a change of venue. Rule 86, Tex.Rules of Civ.Proc. It then becomes incumbent upon the plaintiff to allege and prove that the case is properly within one or more of the exceptions of the venue statute, Art. 1995, Vernon's Ann.Tex.Civ.St.; Keystone-Fleming Transport, Inc. v. City of Tahoka, 277 S.W.2d 202 (Tex.Civ.App. writ dism'd). Such facts must be proven, and the mere allegation in the petition or the controverting affidavit is not evidence that they exist. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.55, p. 612. Pleadings, including sworn pleadings and exhibits attached thereto, do not constitute evidence even when introduced without objection. Cline v. Southwest Wheel & Mfg. Company, 390 S.W.2d 297 (Tex.Civ.App. n. w. h.).

In reviewing the statement of facts in this case, the Plaintiffs introduced their controverting plea and the exhibits attached thereto and an answer and cross-action filed by another defendant, Centurion Properties, Inc. We can only conclude under the above authorities that this constitutes no proof of Plaintiffs' allegations and thus there is no error shown in the judgment of the Court below.

We therefore overrule Plaintiffs' points of error and affirm the judgment of the trial Court.