**DELTA TIRE CORPORATION, Appellant,**

v.

**Robert Rodney LLOYD, Appellee.**

No. 6364.

Court of Civil Appeals of Texas, El Paso.

March 20, 1974.

Carrington, Coleman, Sloman, Johnson & Blumenthal, James E. Coleman, Jr., Robert E. Wood, Jr., Dallas, for appellant.

Warren Burnett, Associated, Bob Hoblit, Odessa, for appellee in Ward County.

Jamail & Gano, Don M. Barnett, Houston, for appellee in Harris County.

## OPINION

OSBORN, Justice.

This is a venue case. Suit was brought by Appellee against Appellant to recover damages for personal injuries sustained as a result of an accident which occurred while the Appellee was installing a new tire on a tire rim. The trial Court overruled the Appellant's plea of privilege. The judgment of the trial Court is reversed and the case ordered transferred to Harris County, Texas.

The original petition alleged that Appellee was installing and inflating a new tire, manufactured by the Appellant, for a customer at a service station when the tire suddenly and unexpectedly blew out resulting in Appellee being seriously injured. It was further alleged that the Appellant was liable under the doctrine of strict liability because the tire was manufactured by the Appellant and that such product was defective in material, workmanship, and design at the time it left the hands of the manufacturer. There was also an allegation of a breach of express or implied warranties and guarantees.

After the Appellant filed a plea of privilege to have the case transferred from Ward County to Harris County, the Appellee filed a controverting plea alleging venue in Ward County under the provisions of Subdivisions 9a and 23 of Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann.

The only witness to testify at the plea of privilege hearing was the Appellee. He testified that on October 25, 1972, a customer at the filling station where he was working in Ward County desired to have a new tire installed on his automobile. Mr. Lloyd said he contacted the Delta Tire dealer who delivered a new tire to the filling station. He said both the tire and a sticker located on it identified the product as a Delta Tire and stated the size of the tire. He testified that he inspected the tire and did not observe any defects and then placed the tire on the rim using a hand-mounted machine. He then aired the tire to thirty pounds and was in the process of putting more air in it when the tire blew up injuring his left hand. He said after the accident he inspected the tire and saw a split about two inches long where the bead on the tire is located.

The Appellant, by its points of error, asserts that the Appellee did not establish venue in Ward County under either Subdivision 9a or 23 of Article 1995. By his one counter-point, the Appellee asserts that venue was properly established in Ward County under Subdivision 23 under the doctrine of strict liability. We find no evidence in the record which would support a finding of negligence so as to maintain venue under Subdivision 9a, and the Appellee in his brief does not contend otherwise.

With regard to Subdivision 23, the Appellee alleged in his petition that the product was defective at the time it left the hands of the manufacturer, but in his brief he contends that he merely had to prove the existence of the defect at the time he received the tire. There is a substantial difference in these two contentions which involve the basic issue before this Court.

In order to maintain venue under Subdivision 23, it was necessary not only to plead specifically, but also to prove facts

showing a cause of action arose in favor of the Appellee against the Appellant. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); Employers Casualty Company v. Clark, 491 S.W.2d 661 (Tex.Sup.1973). This he failed to do.

■ The applicable rule is set forth in Malinak v. Firestone Tire & Rubber Company, 436 S.W.2d 210 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ ref'd n. r. e.), where the Court said:

> "In accordance with the general rule in order for appellant to have raised a fact issue against Firestone under the theory of strict liability, appellant must have produced evidence of probative force that the tire was defective when it left the hands of Firestone. Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (Tex.1967); Coca Cola Bottling Company of Houston v. Hobart, 423 S.W.2d 118 (Houston Civ.App., 14th Dist., 1968, error ref., n. r. e.)."

There is no evidence that this particular tire was defective when it left the hands of the manufacturer. Neither was there any proof that the tire was still wrapped at the time of delivery by the distributor to the service station, which under the holding in the Malinak case might constitute some evidence of delivery in its original condition.

In San Antonio Tent & Awning Company v. Martin, 437 S.W.2d 647 (Tex.Civ.App.—Texarkana 1969, no writ), the Court in a venue case involving Subdivision 23 of Article 1995 pointed out that it is incumbent upon the party bringing the suit to prove that the product was defective at the time it was manufactured and that nothing happened to it between the time of manufacture and the time of injury which would account for the defect. Such proof is lacking in the case now before this Court.

The identical question was before the Court in Wire Rope Corporation of America, Inc. v. Barner, 446 S.W.2d 361 (Tex. Civ.App.—Tyler 1969, no writ), and in that case the Court said:

> "Under the evidence in this case, appellee must rely upon Exception 23 to sustain his contention that the cause of action alleged against appellant or a part thereof arose in Smith County, Texas. Therefore, one of the venue facts appellee had the burden to establish was that appellee has, in fact, a cause of action against appellant. Unless there is, in fact, a 'cause of action', there could be no 'part thereof' arising anywhere. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., supra.
>
> Therefore, before reaching the question as to where the 'cause of action' or a 'part thereof' arose, we must determine whether appellee, by a preponderance of the competent evidence established, did, in fact, have a cause of action against the appellant, Wire Rope Corporation of America, Inc.
>
> An essential element of appellee's cause of action is that the cable was in a defective condition as it left the hands of the manufacturer, which in the case at bar is alleged to be Wire Rope Corporation of America, Inc. San Antonio Tent & Awning Company v. Martin, 437 S.W.2d 647 (Tex.Civ.App., Texarkana, 1969, n. w. h.); Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (S.Ct., 1967); Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder, 443 S.W.2d 546, 548 (S.Ct., 1969). See 41 T.L.R. 858 for a discussing of this question by Dean Page Keeton of the University of Texas Law School.

\* \* \* \* \* \*

In Restatement of the Law of Torts (Second Ed.), Sec. 402A, Comment (g), we find the following statement concerning strict liability:

> '(g) \* \* \* The seller is not liable when he delivers the product in a safe condition, and subsequent mishandling

or other causes make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained.' "

Without deciding whether the Appellee proved a defect that existed at the time he received the tire, he clearly did not prove a defect at the time the tire left the hands of the manufacturer, and as set forth in the cases noted herein, the Appellee's burden was that set forth in his pleading and not as stated in his brief.

The order of the trial Court is reversed and the case is ordered transferred to Harris County.