**PITTSBURGH CORNING CORPORATION, Appellant,**

**v.**

**Ether Lois THOMAS, Representative of Heirs and Estate of Henry Clayton Thomas, Appellee.**

**Nos. B14–83–254CV, C14–83–255CV, A14–83–256CV, B14–83–257CV, C14–83–258CV and A14–83–259CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 1984.

Robert M. Roach, Jr., Mayor, Day & Caldwell, Andrew T. McKinney, Bean & Manning, Samuel E. Stubbs, Fulbright & Jawroski, Houston, Lipscomb Norvell, Jr., Benckenstein, Norvell, Bernsen & Nathan, Antoinette M. Pollock, Weller, Wheelus & Green, O.J. Weber, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellant.

Jane Saginaw, Brent Rosenthal, Russell W. Budd, Baron & Cowley, Dallas, Linda M. Beyer, Hennessy & Associates, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## CONSOLIDATED OPINION

ELLIS, Justice.

This is a venue case. Appellees brought suit under the Texas Wrongful Death Statute and the Texas Survival Statute for damages arising out of the death of Henry Clayton Thomas, alleging that his death was caused by his exposure to asbestos contained in insulation products manufactured by appellants. Appellants filed Pleas of Privilege showing their residences in counties other than that of the suit. Appellees filed a controverting affidavit alleging Tex.Rev.Civ.Stat.Ann. art. 1995, §§ 23, 27 (Vernon 1964), § 31 (Vernon Supp.1982–83) as possible exceptions under which venue could be sustained in Brazoria County. After a hearing on appellants' Pleas of Privilege, the trial court overruled the Pleas, holding that venue was proper in Brazoria County. From that holding appellants appealed.

Appellants bring essentially one point of error on appeal.[1] In this point of error they claim that the trial court erred in overruling appellants' Pleas of Privilege because appellees failed to bring their cause of action within any of the statutory exceptions to the general venue rule that a defendant has a right to be sued in the county of his residence. Appellants assert that this suit falls under none of the venue exceptions because the evidence was insufficient to establish that appellees had a cause of action against any of the appellants. We disagree.

Article 1995 provides in pertinent part: No person who is an inhabitant of this State shall be sued out of the county in which he has domicile except in the following cases:

23. Corporations and associations.— Suits against a private corporation ... may be brought ... in the county in which the cause of action or part there of arose, or in the county in which the Plaintiff resided at the time the cause of action or part there of arose, provided such corporation ... has an agency or representative in such county; ...

▬ To sustain venue in a given case it is the plaintiff's burden to allege and prove the venue facts appropriate to the exception which he wishes to use to sustain venue in a county other than that of defendant's residence. *Cowden v. Cowden,* 149 Tex. 446, 186 S.W.2d 69 (1945). Because there is no proof that appellants had agencies or representatives in Brazoria County, the county of appellees' residence is immaterial under Section 23. In order to sustain venue in Brazoria County under section 23, appellee had to prove the following venue facts:

(1) a cause of action

(2) that the county in which the suit is brought is a county in which the cause of action or a part thereof arose.

*Employers Casualty Co. v. Clark,* 491 S.W.2d 661 (Tex.1973). Unless there is, in fact, a "cause of action" there can be no "part thereof" arising anywhere. *Delta Tire Corp. v. Lloyd,* 508 S.W.2d 688 (Tex. Civ.App.—El Paso 1974, no writ); *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,* 389 S.W.2d 694 (Tex.Civ.App.—Tyler 1965, no writ).

▬ Appellees contend that they have a cause of action against appellants in that appellants failed to warn Henry Clayton Thomas, appellee Lois Thomas' husband, of dangers associated with using asbestos insulation products manufactured and/or distributed by them, and therefore, appellants are strictly liable in tort. To establish a cause of action in strict tort liability appellees had to show that:

(1) appellant sold [and/or distributed] the product in a defective condition,

(2) the product reached the appellee without substantial change, and

(3) the defective condition of the product caused the injury to appellee.

*Thiele v. Chick,* 631 S.W.2d 526 (Tex.App. —Houston [1st Dist.] 1982 (writ ref'd n.r. e.). Strict liability in tort lies against a distributor as well as a manufacturer. *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967).

In *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076 (5th Cir.1973), the Fifth Circuit Court of Appeals held that manufacturers of asbestos insulation products have a duty to warn users of the inherent risk of harm associated with asbestos exposure, because a failure to warn of this harm renders the product un-

---

1. Appellant, Celotex Corporation, in a supplemental brief, divided this point of error into six separate points, which allege insufficient evidence and no evidence to support the application of venue exceptions under Tex.Rev.Civ.Stat. Ann. art. 1995, §§ 23, 27 (Vernon 1964), § 31 (Vernon Supp.1982–83) respectively. Article 1995 only requires the plaintiff to show application of one of the venue exceptions in order to sustain venue in a county other than that of the defendant's residence. Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964). Because we hold that the trial court properly sustained venue under Tex.Rev.Civ.Stat.Ann. art. 1995 § 23 (Vernon 1964), we will not discuss appellant, Celotex Corporation's points of error one, two, three and four.

reasonably dangerous. Therefore, under *Borel,* an asbestos insulator may base a cause of action for strict liability in tort upon proof of exposure to asbestos products manufactured and/or distributed by the defendant, lack of warning regarding the dangers of asbestos exposure and damages produced as a result thereof.

■ Appellee pled and proved each of the facts necessary to establish a cause of action. The following facts appear in the record:

(1) decedent, Henry Clayton Thomas, was an insulator at Dow Chemical in Brazoria County, Texas from 1942 to 1972;

(2) during the course of his career as an insulator, decedent was exposed to asbestos insulation products manufactured and/or distributed by the various appellants to this lawsuit;

(3) the use of such asbestos products created a working environment filled with asbestos dust;

(4) exposure to asbestos dust is dangerous to human health;

(5) knowledge of the dangers to human health from exposure to asbestos dust was established in the medical literature as early as the 1920's;

(6) Henry Clayton Thomas' supervisor, Oscar Mitchell, was familiar with the asbestos products used by Thomas and was familiar with the packages the products came in;

(7) Oscar Mitchell identified pictures of the packages in which appellants marketed the asbestos products to which decedent was exposed;

(8) there were no warnings on the packages of asbestos products use by the decedent advising that exposure to asbestos is dangerous to health;

(9) decedent suffered and died from asbestos-related diseases of the lung;

(10) decedent's exposure to asbestos insulation products was a producing cause of his illness and death;

(11) Appellee has suffered damages as a result of appellants' failure to warn including loss of consortium, loss of services, medical expenses and funeral expenses.

Appellants argue, however, that there is no evidence or insufficient evidence in the record establishing appellants' failure to warn, and that there is no evidence that appellants knew or should have known of the potential harm emanating from their asbestos products. We disagree.

First, appellants' failure to warn is supported by the record. At the plea of privilege hearing, appellee offered the deposition testimony of the decedent's foreman at Dow Chemical Company:

Q. At anytime during your employment at Dow Chemical Company, did you ever see a warning or caution label on any box of insulation products indicating that asbestos could be harmful to health?

A. No, sir, not to my knowledge.

Q. And at anytime while you were employed at Dow Chemical Company, did you receive any information from anyone indicating that asbestos could be hazardous to health?

A. No, sir.

Similarly, a co-worker testified as follows:

Q. At the time the product was used along with—when you used this asbestos product with Mr. Thomas, did you see any warnings advising that asbestos could be hazardous to health on the container?

A. No, sir.

Q. Did anyone advise you at the time you were using this asbestos product that asbestos could be hazardous to health?

A. No, sir.

Second, *Borel* establishes a duty of the manufacturer/distributor to know the dangers of asbestos products. *Borel* at 1089–90.

■ Having established a cause of action, appellees had to show that the cause of action or a part thereof arose in Brazoria County. Appellees met this burden. Henry Clayton Thomas' history of exposure to asbestos insulation products took

place in Brazoria County while he was an employee of Dow Chemical Company. He became ill with asbestos-related disease while living in Brazoria County and died in Brazoria County on February 16, 1983. We overrule appellant's point (points [2]) of error.

Accordingly, we affirm the judgment of the trial court.