NO. 07-00-0404-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 8, 2002



______________________________




CHRISTOPHER WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B 13457-9906; HONORABLE ED SELF, JUDGE



_______________________________




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.



 Following his plea of not guilty, appellant Christopher Williams was convicted by a
jury of delivery of a controlled substance and punishment was assessed at two years
confinement in a state jail facility and a $1,000 fine. Presenting one point of error,
appellant contends the trial court erred in denying his motion for mistrial after the jury was
sworn and a member of the jury informed the court that he had withheld material
information. Based upon the rationale expressed herein, we affirm. 

 Appellant does not challenge the sufficiency of the evidence. Thus, only the facts
necessary to our disposition of the appeal will be considered. After the trial judge
recessed the jury for lunch, a member of the jury, Paulo Posada, approached the judge
and informed him that when a witness for the State, Mr. Salazar, entered the courtroom to
be sworn, he recognized him by sight, but had not recognized his name when it was
mentioned with other witnesses during voir dire. Although Posada claimed to have known
Salazar for about 20 years, he nevertheless claimed he could be fair and impartial. When
the jury and counsel returned from lunch, the trial judge reported the events to counsel and
out of the jury's presence, made a record of Posada's conversation with him. Counsel for
the State declined to examine Posada and following examination by appellant's counsel,
appellant moved for a mistrial which the trial court denied. 

 Appellant's sole contention on appeal is that he was deprived of an opportunity to
challenge the juror for cause or to exercise a peremptory challenge to the juror and that
the trial court erred in denying his motion for mistrial. We disagree. The State contends
that the record does not demonstrate that the juror withheld any information during voir
dire. The record reflects that Posada did contact the trial judge during the noon recess and
inform him that he recognized Salazar when he was sworn as a witness. The reporter's
record also shows that the trial judge allowed appellant's counsel to examine Posada out
of the presence of the remaining members of the jury and that appellant's motion for
mistrial was overruled. However, the reporter's record does not include a transcription of 
voir dire examination.

 In Bauder v. State, 921 S.W.2d 696, 698 (Tex.Cr.App. 1996), while discussing
mistrials and double jeopardy issues, the Court stated:

 At the outset, we emphasize that mistrials are an extreme remedy for
prejudicial events occurring during the trial process.


Later, in Wood v. State, 18 S.W.3d 642, 648 (Tex.Cr.App. 2000), in discussing mistrials,
the Court noted:

 A mistrial is a device used to halt trial proceedings when error is so
prejudicial that expenditure of further time and expense would be wasteful
and futile. Thus, a trial court may properly exercise its discretion to declare
a mistrial if an impartial verdict cannot be reached, or if a verdict of
conviction could be reached but would have to be reversed on appeal due
to an obvious procedural error. [Citations omitted]. The determination of
whether a given error necessitates a mistrial must be made by examining the
particular facts of the case. . . . 

 

 In Evans v. State, 622 S.W.2d 866, 871 (Tex.Cr.App. 1981), the defendant asserted
that two jurors "falsely swore" that they did not know three of the State's witnesses. The
record did not contain a transcription of the voir dire examination. The Court concluded
that absent a showing that the defendant questioned prospective jurors during voir dire
regarding names of potential witnesses and that they withheld information, the contention
was without merit. Id.

 Although we must consider all matters that were before the trial court in the
underlying case to determine whether the trial court abused its discretion, matters
complained of that are not in the reporter's record or in a bill of exception are not
preserved for appellate review. Tex. R. App. P. 33.1(a) and 33.2; Vaughn v. State, 634
S.W.2d 310, 312 (Tex.Cr.App. 1982). Given the record before us, we are unable to
determine that the trial court abused its discretion in overruling appellant's motion for
mistrial. Appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish. 


 

 

 



SPAN>

 So, because Love did not file a copy of the Colorado judgment itself, the terms of
§35.001 et seq. of the Civil Practice and Remedies Code never enured to her benefit. In
other words, tendering the "transcript" was not tantamount to the entry of a final judgment
thereby limiting to thirty days the time period within which Moreland had to attack it. See
Tex. Civ. Prac. & Rem. Code Ann. §35.003(c) (Vernon 2008) (stating that a "filed foreign
judgment has the same effect and is subject to the same procedures, defenses, and
proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a
judgment of the court in which it is filed"); Tex. R. Civ. P. 329b (a) & (g) (stating that a
motion for new trial or to modify a final judgment must be filed within thirty days of the date
the judgment is signed). And, since a trial court's plenary jurisdiction over a proceeding
does not start winding down until a final judgment is entered, In re Salas, 228 S.W.3d 774,
777 (Tex. App.-El Paso 2007, no pet.) (stating that a trial court has plenary jurisdiction
over its orders until thirty days after entry of a final judgment if no motion for new trial is
filed), the trial court below never lost its authority to act. Simply put, it retained its
jurisdiction to adjudicate the validity of Love's purported notice of filing a foreign judgment. (6)

 Issue Three - Trial

 In her third issue, Love contends that the trial court erred in adjudicating the merits
of her attempt to domesticate the judgment without an evidentiary trial. We sustain the
point.

 In adjudicating the matter, the trial court dismissed it "with prejudice." Appending
the latter two words to the dismissal resulted in an adjudication on the merits. Ritchey v.
Vasquez, 986 S.W.3d 611, 612 (Tex. 1999) (stating that a dismissal with prejudice is an
adjudication of the merits). Moreover, that the trial court so intended to adjudicate the
merits is manifest by its factual findings that the "[f]oreign judgment was rendered more
than ten . . . years prior to the commencement of the action in the State of Texas" and that 
Moreland "had a perfect defense to the foreign judgment that he was prevented from
asserting due to no fault of" his own. 

 Yet, at the hearing upon Moreland's request to vacate, no evidence was offered, not
even the affidavit appended to the motion to vacate. Legal counsel simply provided the
trial court with argument, which argument cannot be considered evidence. Tex. Dept. of
Public Safety v. Mendoza, 952 S.W.2d 560, 564 (Tex. App.-San Antonio 1997, no writ)
(holding that argument of counsel is not evidence). That like arguments were contained
in the pleadings or motions is of no help either since allegations in pleadings generally are
not evidence. Blackwell v. Chapman, 492 S.W.2d 657, 658 (Tex. Civ. App.-El Paso 1973,
no writ). And, to the extent that there may have been an affidavit attached to the motion,
no one indicated that the motion should be considered one for summary judgment or that 
summary judgment procedures were utilized in disposing of the matter. 

 Nor does the statement of facts memorializing the hearing reveal that the trial court
informed the litigants that it intended the proceeding to be a final evidentiary hearing or
trial. We further deduce from the record that the litigants and trial court were concerned
not so much with whether the trial court could finally adjudicate the merits of the claim via
the hearing but rather with whether the motion to vacate was in actuality a bill of review. 
This is of import because granting a bill of review does not necessarily result in final
adjudication of the underlying rights involved. See e.g., Keifer v. Touris, 197 S.W.3d 300,
302 (Tex. 2006). Also of concern is Moreland's failure to address, in his appellee's brief,
the issue before us or explain how the trial court could lawfully adjudicate the merits of
Love's action through means other than a trial or even a summary judgment proceeding.

 On the other hand, Moreland expressly requested, via his motion to vacate, that
Love's efforts be dismissed with prejudice. So too did he describe for the trial court why
he thought such a dismissal was warranted, and the trial court did ponder the effect that
limitations would have on the outcome. Moreover, Love neither questioned the form of the
motion nor expressly attacked on appeal the aforementioned factual findings rendered by
the trial court and touching upon the defense of limitations. Similarly missing from her
appellant's brief is any explanation as to how reversal and remand would result in a
different outcome or how she was harmed by the procedure utilized. 

 Nonetheless, it seems contrary to our accepted notions of justice and jurisprudence
to permit the final adjudication of a claim outside the formalities of a trial or summary
proceeding authorized by the rules of procedure. This is especially so here given the
confusion about the nature and extent of and issues involved in the hearing held on the
motion to vacate. That no one actually tendered evidence or stipulated to the relevant
facts at the hearing is also troublesome since factual findings were rendered. Moreover,
if limitations is a "perfect defense," as stated by the trial court, then it would seem that the
matter could be quickly disposed of through summary judgment. And, because of these
particular circumstances, we conclude that the better course of action would be to honor
justice and our system of law and remand the proceeding so that all have opportunity to
knowingly pursue a final disposition in accordance with law and procedure. This way, the
confusion and daze can be brushed away before we finally drop.

 Accordingly, we reverse that portion of the "Order Vacating Judgment" that
dismisses the cause, affirm the remainder, and remand for further proceedings.


 Brian Quinn

 Chief Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2008). 
2. Lizzy.
3. The matters discussed under the topic "Background" are garnered from the affidavit of Richard
Moreland, allegations within the pleadings and motions, as well as the argument of counsel uttered at two
hearings. And, we all know that an attorney's arguments do not constitute evidence, Tex. Dept. of Public
Safety v. Mendoza, 952 S.W.2d 560, 564 (Tex. App.
-San Antonio 1997, no writ), especially when the nature
of the hearings cannot be readily categorized.
4. Apparently, Thompson settled.
5. The "transcript," like an abstract of judgment, merely contained a description of some items that most
likely would be included in a judgment, such as the name of the parties and amount owed. Yet, it omitted
many elemental items of a judgment such as the name or signature of the judge who executed the decree
and verbiage manifesting the adjudication of the rights involved. Thus, we cannot consider the "transcript"
to be the judgment as contemplated by §35.003(a) of the Texas Civil Practice and Remedies Code. 
6. In resolving the first issue as we do, we need not determine the second for it does not matter whether
the motion to vacate constituted a bill of review.