The BANK OF NORTH TEXAS, Appellant,

v.

RED HENRY PAINTING COMPANY et al., Appellees.

No. 853.

Court of Civil Appeals of Texas, Corpus Christi.

April 3, 1974.

Robert W. Dupuy, Corpus Christi, for appellant.

Paul Hill, Zarksy & Hill, Franklin L. Smith, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a summary judgment case. Red Henry Painting Company brought garnishment proceedings against Oscar Soliz, District Clerk of Nueces County, Texas, as garnishee, seeking funds held by him. Garnishor alleged that these funds belonged to J. B. Price and Sam Higbee, doing business as Price Construction Company, and that garnishor had an unsatis-

fied judgment against Price and Higbee. Garnishee answered that he was indebted to Price and Higbee. The Bank of North Texas, Hurst, Texas, intervened setting up a claim of ownership of those funds. The painting company filed a motion for summary judgment. The bank answered with an affidavit in opposition. The trial court, after a hearing, granted the motion of the painting company. In its judgment, the trial court recited that the court considered the pleadings on file and that they show an absence of any genuine issue as to any material fact. The bank appeals.

In its application for writ of garnishment in this case, the plaintiff painting company alleged that it had, in cause no. 111,185–E, on the docket of the 148th District Court, styled Red Henry Painting Company, Intervenor, v. J. B. Price and Sam Higbee, doing business as Price Construction Company, obtained a judgment (being a default and interlocutory judgment) against Price and Higbee for $5,469.32 with interest, attorney's fees and costs; that the judgment remains unsatisfied; that the garnishee clerk is indebted to Price and Higbee by reason of the fact that on April 10, 1973, a judgment (final) was entered in favor of Price and Higbee against Housing Authority of the City of Corpus Christi and Fort Worth Lloyds in cause no. 111,185–E awarding to Price and Higbee and the Bank of North Texas, Hurst, Texas, the sum of $126,350.41, which sum has been paid into the registry of the court; and that garnishee as clerk of the court is the custodian of such funds and he is, therefore, indebted to Price and Higbee. This cause in garnishment was numbered 118,095–E in the 148th District Court, Nueces County, Texas.

The garnishee clerk answered the plaintiff's application for writ by stating, in substance, that the garnishee is indebted to Price and Higbee by reason of cause no. 111,185–E in the amount of $126,350.41, plus some accrued interest; that these funds were paid into the registry of the court in satisfaction of a judgment signed

April 10, 1973, providing, among other matters, as follows:

". . . the sums shall be held by the Clerk of this Court, subject to the following provisions of this judgment:

(a) The sum of $32,989.91 plus interest thereon at the rate of $4.39 per day from the 10th day of April, 1973, shall be paid by the Clerk of this Court to the Department of Treasury-Internal Revenue Service of America.

(b) The sum of $30,000 shall be paid by the Clerk of this Court to Stone & Berryman, Inc., and Michael Thompson.

(c) The sum of $16,850.00 shall be held by the Clerk in the registry of this Court, pending final judgments in Cause No. 117,352–E, Celanese Coating Company, Devoe Paint Division Vs. The Housing Authority of the City of Corpus Christi, et al, and Cause No. 117,345–E, Red Henry Painting Company Vs. The Housing Authority of the City of Corpus Christi, et al, on the docket of this Court.

(d) The balance of said funds, including any balance remaining in the registry of this Court out of the funds held under paragraph (c) hereof, shall be paid by the Clerk of this Court to the Plaintiffs herein, J. B. Price and Sam Higbee, doing business as Price Construction Company, and Bank of North Texas, Hurst, Texas."

The bank intervened, in answer to the pleadings in garnishment of the painting company and the clerk, and alleged that it, the bank, owns the judgment and funds resulting from the judgment of cause no. 111,185–E; that Price and Higbee have no interest in the proceeds of that judgment; that Price and Higbee assigned all interest in that judgment of cause no. 111,185–E before the rendition of any judgment in favor of the plaintiff painting company; and that, therefore, the clerk should be ordered to pay all sums he now holds to the bank.

The garnishor painting company then filed an answer to the bank's plea in intervention. Thereafter, the painting company filed its motion for summary judgment and a later amended motion for summary judgment alleging there that the assignment of funds (by Price and Higbee to the bank) is prohibited by Art. 5472e, Vernon's Ann. Civ.St.; that there is no genuine issue as to any material fact, all according to certified documents attached to the motion.

To its amended motion for summary judgment, the painting company attached a copy of its application for writ of garnishment (which we have described above); a copy of the writ of garnishment with return thereon; and a copy of its default judgment in cause no. 111,185–E. This default judgment, signed and entered May 16, 1972, was in favor of the plaintiff painting company against Price and Higbee for $5,469.32 plus interest and attorney's fees of $1,825.00.

The bank opposed this motion by an instrument denominated "Affidavit in Opposition To Plaintiff's Motion for Summary Judgment". This affidavit was executed by Bill Daniel, who stated that he was the president of the bank; that the funds being held by the clerk resulted from a judgment, in cause no. 111,185–E, the bank obtained against Fort Worth Lloyds and the Housing Authority of the City of Corpus Christi; that the cause of action arose by virtue of a valid assignment by Price and Higbee to secure funds advanced to Price and Higbee.

Appellant, in three points of error, asserts that the trial court erred in granting the appellee's motion for summary judgment in the following respects:

"(a) Appellee failed to establish that 'there was no genuine issue as to any material fact' that Appellant did not own or have an interest in the garnished fund.

(b) Appellee failed to present summary judgment evidence which would entitle it to the protection of Article 5472e, V.A. T.S.

(c) Appellee failed to present any summary judgment evidence rebutting the applicability of the exceptions to the protection of Article 5472e, V.A.T.S."

■ At this point of our discussion, we note that the only summary judgment evidence offered (i. e., attached to its motion) by the appellee in support of its motion was a certified copy of the default judgment in cause no. 111,185–E, and certified copies of its application for writ of garnishment and writ of garnishment, both in cause no. 118,095–E. There is included in the transcript copies of other instruments: 1) appellee's petition in intervention in cause no. 111,185–E; 2) appellee's first amended petition in intervention in cause no. 111,185–E; 3) a motion and order regarding a clerk pro tempore; 4) bond of clerk pro tempore; 5) answer in garnishment of the clerk in cause no. 118,095–E; 6) petition in intervention of the appellant in cause no. 118,095–E, which has attached a judgment in cause no. 111,185–E; 7) appellee's answer to appellant's plea of intervention. There is nothing in the record to indicate that these copies of other instruments were exhibits before the trial court in connection with the summary judgment proceedings. We are, therefore, confined to the consideration of the default judgment (attached to appellee's motion) in cause no. 111,185–E and we cannot take into account the pleadings and final judgment (included in transcript only) in that prior suit. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961); Serna v. Reyna, 418 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1967, n. r. e.).

In resolving this dispute, we follow the principles regarding summary judgment proceedings as set out by our Supreme Court in Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup.1965), some of which are:

". . . the burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him.

. . . evidence must be viewed in the light most favorable to the party opposing the motion . . ."

■ We now look to the movant's motion and attached documents. One of the attached documents is the application for writ of garnishment. It is signed, under oath, by Red Henry as plaintiff. So the instrument would seem to comply with the evidence requirements of Rule 166–A, Texas Rules of Civil Procedure, which rule is the basis for summary judgment practice. Among other recitals, the application states:

". . . Affiant has reason to believe and does believe that the garnishee [district clerk] is indebted to the judgment defendants [Price and Higbee] by reason of the fact that on April 10, 1973, a judgment was entered in favor of the judgment defendants and against Housing Authority of the City of Corpus Christi, and Fort Worth Lloyds in the 148th District Court of Nueces County, Texas in Cause No. 111–185–E awarding to said judgment defendants *and the bank of North Texas, Hurst, Texas,* [appellant] the sum of One Hundred twenty-six thousand three hundred fifty and 41/100 ($126,350.41) dollars, which judgment is now final." (Emphasis supplied).

At the outset, we see that the appellee painting company has raised an issue as to a material fact; i. e., the ownership of the funds in the registry of the court. By stating that the judgment of April 10, 1973, awarded to Price and Higbee *and the Bank of North Texas the sum of $126,350.-41, the appellee recognized the appellant bank as having an interest in the fund. The amount of interest in the fund owned by each, the painting company and the bank, is not reflected by the evidence.

The trial court in its order, entered October 24, 1973, granting the painting company's motion for summary judgment, directed the garnishee clerk to pay out of the

**448**

registry of the court to the painting company and its attorney:

"(a) The sum of $5,469.32 with interest thereon at the rate of 6% per annum from May 16, 1972, until paid.

(b) The sum of $1,825.00 as attorney's fees, with interest thereon from May 16, 1972, until paid.

(c) . . . all costs expended in Cause No. 111185–E, . . . and all costs expended in this cause. . . ."

From the evidence, we find no basis for the payment of those specific amounts out of the funds held by the clerk. If it evolves that Price and Higbee owned less than the total of $5,469.22 with interest and $1,825.00 with interest and costs, then the trial court has directed payment to the painting company and its attorney of part of the funds owned by the bank. Therefore, we hold that there is a genuine issue whether the appellant bank owns an interest in the garnished fund and that resolution of this issue requires more evidence than was properly before the trial court at the summary judgment hearing. Appellant's first point is sustained.

■ In its second point, the appellant complains that the appellee failed to present any summary judgment evidence which would invoke the protection of Art. 5472e, V.A.C.S. This article provides that all monies paid to a contractor, and others named in the article, under a construction contract for the improvement of specific real property are declared to be trust funds for the benefit of laborers, and others named in the article, who furnish labor or material for the construction or repair of any structure, described in the article upon such real property. There is no admissible summary judgment evidence by the appellee in the record that funds were paid to anyone pursuant to a construction contract for the improvement of specific real property; nor is there such evidence that appellee was a laborer, or one named in the

article, who furnished anything for the construction or repair of any structure, described in the article. Appellant's second point is sustained.

In that Appellant's first and second points have been discussed and sustained by us, there is no necessity of our resolving appellant's third point.

The judgment of the trial court is reversed and the cause remanded for trial.