**RED HENRY PAINTING COMPANY, Appellant,**

**v.**

**BANK OF NORTH TEXAS et al., Appellees.**

**No. 943.**

Court of Civil Appeals of Texas, Corpus Christi.

March 31, 1975.

Paul Hill, Hill & Zarsky, Corpus Christi, for appellant.

Robert W. Dupuy, Wood, Boykin & Wolter, T. R. Bandy, Jr., Asst. Co. Atty., Corpus Christi, for appellees.

OPINION

BISSETT, Justice.

This is a garnishment case. Red Henry Painting Company, on May 11, 1973, insti-.

tuted garnishment proceedings against Oscar Soliz, District Clerk of Nueces County, Texas, as garnishee, seeking funds held by him. The Bank of North Texas intervened and set up a claim to the funds in the possession of the garnishee. Thereafter, Red Henry Painting Company filed a motion for summary judgment, which was controverted by the Bank of North Texas. The trial court granted the motion and rendered judgment for Red Henry Painting Company. The Bank appealed. This Court reversed the judgment and remanded the cause for trial. See Bank of North Texas v. Red Henry Painting Company, 509 S.W.2d 444 (Tex.Civ.App.—Corpus Christi 1974, no writ).

After the remand, a trial on the merits was had before the court without the aid of a jury. Judgment was rendered on September 23, 1974 which quashed the writ of garnishment previously issued. Red Henry Painting Company, hereinafter referred to as "appellant", has duly perfected an appeal from that judgment. The Bank of North Texas, appellee in this appeal, will be referred to as "The Bank" and Oscar Soliz will be referred to as "garnishee".

Appellant, in its application for a writ of garnishment, alleged that it, as intervenor, had theretofore, in Cause 111,185–E on the docket of the District Court of Nueces County, Texas, styled "J. B. Price and Sam Higbee, d/b/a Price Construction Company, et al, v. Housing Authority of the City of Corpus Christi and Fort Worth Lloyds", obtained a judgment against J. B. Price and Sam Higbee, d/b/a Price Construction Company, jointly and severally, for the sum of $5,469.32, plus 6% interest thereon from date of judgment, attorney's fees in the amount of $1,825.00, and court costs; that such judgment was final, valid and unpaid; and that the garnishee was indebted to Price and Higbee "by reason of the fact that on April 10th, 1973, a judgment was entered in favor of the judgment-defendants (Price and Higbee) against Housing Authority of the City of Corpus Christi and Forth Worth Lloyds in the 148th District Court of Nueces County, Texas, in Cause No. 111,185–E awarding to said judgment-defendants and the Bank of North Texas, Hurst, Texas, the sum of $126,350.41, which judgment is now final".

The garnishee, in his answer, admitted that the sum of $126,350.41 had been paid into the registry of the court, and alleged that under the terms of the judgment which was rendered on April 10, 1973 in Cause No. 111,185–E, he was required: to pay out of such funds a total of $62,989.81, plus interest from date of judgment, to certain named parties; to withhold $16,850.00 pending final judgment in two causes which were still on the docket of the court; to withhold a total of $9,713.63, plus interest, "subject to levy of garnishment" (by persons other than appellant); and to pay the balance of such funds "to J. B. Price and Sam Higbee, doing business as Price Construction Company, and Bank of North Texas". Appellant did not controvert the answer filed by the garnishee.

The only evidence offered by appellant consisted of certified copies of: 1) appellant's petition in intervention which it filed in Cause No. 111,185–E on April 12, 1972, wherein it was alleged that the co-partnership of "J. B. Price and Sam Higbee d/b/a Price Construction Company", was indebted to it in the amount of $5,469.32 for "paint and labor" furnished for certain numbered buildings at specified times; 2) the judgment which was rendered in Cause No. 111,185–E on May 16, 1972, whereby appellant recovered $5,469.32 on its claim against Price and Higbee, with interest thereon from date of judgment, court costs, and $1,825.00 for attorney's fees; 3) appellant's application for the writ of garnishment; 4) the answer of garnishee; 5) the judgment which was rendered on April 10, 1973 in Cause No. 111,185–E; and 6) the second amended original petition filed in Cause No. 111,185–E by J. B. Price and Sam Higbee, d/b/a Price Construction Company, and the Bank of North Texas,

plaintiffs, against Housing Authority of the City of Corpus Christi and Fort Worth Lloyds, defendants.

After appellant had rested, the Bank, by written motion filed on September 24, 1974, moved that the writ of garnishment be quashed "for the reason that the garnishor failed to meet its burden of establishing prima facie that the monies in the hands of Oscar Soliz, garnishee, are subject to garnishment". That motion was granted by the trial court.

The trial court filed detailed findings of fact and conclusions of law. The finding that the judgment which was rendered on April 10, 1973 shows a joint recovery by Price and Higbee *and* the Bank of North Texas, and the finding that the funds in the hands of the garnishee are funds that are *jointly* payable to Price and Higbee *and* the Bank are attacked in this appeal. Complaint is also made of the conclusion that the funds in the hands of the garnishee were owed jointly to Price and Higbee *and* the Bank of North Texas.

Appellant, in its several points of error, contends that the funds held by the garnishee are subject to garnishment by it, because: 1) the undisputed evidence shows that the funds recovered by Price and Higbee against Housing Authority of the City of Corpus Christi and Fort Worth Lloyds (under the April 10, 1973 judgment) were recovered by Price and Higbee as "Trustee under a construction contract, for the benefit of Red Henry, a materialman"; and 2) such funds are "Trust Funds being held by garnishee as trustee for the benefit of garnishor as a materialman and laborer".

The judgment rendered in appellant's favor against Price and Higbee on May 16, 1972 was a judgment against Price and Higbee *only*. The judgment which was rendered on April 10, 1973 recited that Price and Higbee *and* the Bank of North Texas were plaintiffs, decreed that "the plaintiffs, J. B. Price and Sam Higbee, doing business as Price Construction Company, and The Bank of North Texas" do

have and recover of the defendants the sum of $126,350.41, and directed the clerk to make payments to certain persons, to withhold certain monies pending other developments, and to pay the balance remaining "to the plaintiffs herein, J. B. Price and Sam Higbee, doing business as Price Construction Company, and Bank of North Texas".

Since all monies recovered by Price and Higbee were jointly owned by them and by the Bank, appellant, the garnishor, had the burden of proving what portion, if any, of the funds in the hands of the garnishee was severally owing to the judgment debtors (Price and Higbee, d/b/a Price Construction Company) *only*. Gottesman v. Toubin, 353 S.W.2d 294 (Tex.Civ.App.—Houston 1962, no writ); Nesbit v. Dallas Bank & Trust Co., 82 S. W.2d 692 (Tex.Civ.App.—Dallas 1935, no writ); Stallings v. Jim Handley, 181 S.W. 2d 814 (Tex.Civ.App.—Galveston 1944, no writ). Appellant did not meet its burden. Additionally, appellant, by the allegations made in its application for a writ of garnishment, admitted that the funds held by the garnishee were funds which were owned *jointly* by Price and Higbee (appellant's judgment-debtors) and by the Bank. The amounts in the funds severally and separately owned by Price and Higbee and by the Bank were not established by the record. The funds in the possession of the garnishee were not shown to be subject to garnishment by appellant. The Court properly granted the Bank's motion to quash the writ of garnishment.

Appellant further contends that the trial court erred in quashing the writ of garnishment because the evidence shows that it "is entitled to the protection afforded by Article 5472e, V.A.C.S." We do not agree. The statute referred to by appellant, Vernon's Tex.Rev.Civ.Stat.Ann., Art. 5472e (1967), provides, in part:

"Section 1. All moneys or funds paid to a contractor or subcontractor **or any** officer, director or agent thereof, *under a*

*construction contract for the improvement of specific real property in this state*, and all funds borrowed by a contractor, subcontractor, owner, or any officer, director or agent thereof, for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds *for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property*; . . . The contractor, subcontractor, owner, or any officer, director or agent thereof, receiving such payments or funds, or having control or direction of same, is hereby made and constituted a Trustee of such funds so received or under his control or direction." (emphasis supplied).

█ The only evidence with respect to a written construction contract is found in appellant's Exhibit 9 (Second Amended Original Petition in Cause No. 111,185–E, filed by J. B. Price and Sam Higbee, d/b/a Price Construction Company, and the Bank of North Texas, plaintiffs, against Housing Authority of the City of Corpus Christi and Fort Worth Lloyds Insurance Company, defendants), offered by appellant and admitted into evidence by the court. The plaintiffs, by that petition, sought recovery of money damages for breach of a written contract, or, in the alternative, on quantum meruit. The judgment entered in Cause No. 111,185–E on April 10, 1973 in favor of Price and Higbee and the Bank, plaintiffs, does not state the ground on which it was rendered, breach of contract, or on quantum meruit. Therefore, we are unable to say with certainty that the money so recovered by those plaintiffs was recovered "under a construction contract for the improvement of specific real property in this state". The statute does not apply to a recovery based on quantum meruit. Moreover, the contract attached to the petition does not specifically describe any real property to be improved in this state.

█ Furthermore, there is no evidence that appellant is within the class of persons protected by the statute. Appellant did not offer any competent evidence which tended to prove that it was an artisan, laborer, mechanic, contractor, subcontractor, or materialman who furnished labor or material for the construction of or repair of any structure or building covered by the terms of the written contract between J. B. Price and Sam Higbee, doing business as Price Construction Company, and Housing Authority of the City of Corpus Christi, and Fort Worth Lloyds. Appellant's contention that its Exhibit 1 (First Amended Petition in Intervention filed by appellant in Cause No. 111,185–E, wherein it alleged that $5,469.32 was due it by Price and Higbee for furnishing paint and labor for the repair of certain buildings) constitutes such evidence cannot be sustained. It is well settled that pleadings are hearsay and have no probative force or evidentiary value even when admitted without objection. Jacobson v. Kingsbery, 398 S.W.2d 584 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.); Moore v. Horn, 359 S.W.2d 947 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.); Blackwell v. Chapman, 492 S.W.2d 657 (Tex.Civ.App.—El Paso 1973, no writ); Cline v. Southwest Wheel & Manufacturing Company, 390 S.W.2d 297 (Tex.Civ.App.—Amarillo 1965, no writ); Wood v. Self, 362 S.W.2d 188 (Tex.Civ.App.—Dallas 1962, no writ). No evidence other than appellant's pleading was offered by appellant to prove that it was within the class of persons protected by the statute.

We have carefully considered all of appellant's points, and they are all overruled.

The judgment of the trial court is affirmed.