CELANESE COATING COMPANY, DEVOE PAINT DIVISION, Appellant,

v.

Oscar SOLIZ, Appellee.

No. 1098.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Rehearing Denied Sept. 30, 1976.

William H. Berry, Jr., Corpus Christi, for appellant.

C. Edwin Prichard, Jr., County Atty., T. R. Bandy, Jr., Asst. County Atty., Robert W. Dupuy, Wood, Boykin & Wolter, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a garnishment case. On May 11, 1973, Celanese Coating Company, Devoe Paint Division, instituted garnishment proceedings against Oscar Soliz, District Clerk of Nueces County, Texas, as Garnishee, seeking funds held by him. The Bank of North Texas intervened and set up a claim to the funds in the possession of the Garnishee. A trial on the merits was had before the court without the aid of a jury. Judgment was rendered on August 29, 1975, which quashed the writ of garnishment previously issued. Celanese hereinafter referred to as appellant-Garnishor, has duly perfected its appeal from that judgment.

This is one of several similar cases which have come before this Court whereby certain parties have, by writ of garnishment, attempted to obtain funds held by the District Clerk, the Honorable Oscar Soliz. See *Red Henry Painting Company v. Bank of North Texas*, 521 S.W.2d 339 (Tex.Civ.App. —Corpus Christi 1975, no writ); *Bank of North Texas v. Red Henry Painting Company*, 509 S.W.2d 444 (Tex.Civ.App.—Corpus Christi 1974, no writ).

The Bank of North Texas appellee is the same party that appeared in each of the above two cases. The Honorable Oscar Soliz, District Clerk, will be referred to as "Garnishee". In the case at bar, the appellant-Garnishor (Celanese) in its writ of garnishment alleged that it had (in Cause No. 111,185–E on the docket of the District Court of Nueces County, Texas, styled "Celanese Coating Company, Devoe Paint Division, Intervenor, vs. J. B. Price and Sam Higbee, d/b/a Price Construction Company"), obtained a judgment against J. B. Price and Sam Higbee, d/b/a Price Construction Company, jointly and severally,

for $5,905.45, plus six per cent (6%) interest thereon from date of judgment, attorney's fees in the amount of $1,968.00, and court costs; that such judgment was final, valid, and subsisting and remains unsatisfied; that the Garnishee (District Clerk) is indebted to the judgment-defendants (Price & Higbee) by the reason of the fact that on April 10, 1973, a judgment was entered in favor of the judgment-defendants (Price & Higbee) and against Housing Authority of the City of Corpus Christi and Fort Worth Lloyds in Cause No. 111,185–E, (148th District Court of Nueces County) awarding to said judgment-defendants and the Bank of North Texas, the sum of $126,350.41, which judgment is now final; and that said sum has now been paid into the registry of the Court and Garnishee is the Custodian of said funds, and is indebted to the judgment-defendants, J. B. Price and Sam Higbee.

In response to the application for writ of garnishment, the Garnishee answered stating, in substance, that the Garnishee is indebted to Price and Higbee by reason of Cause No. 111,185–E in the amount of $126,350.41, plus some accrued interest; that these funds were paid into the registry of the Garnishee's Court in satisfaction of a judgment signed April 10, 1973, providing, in part, as follows:

". . . the said sums shall be held by the Clerk of this Court, subject to the following provisions of this judgment:

(a) The sum of $32,989.91 plus interest thereon at the rate of $4.39 per day from the 10th day of April, 1973, shall be paid by the Clerk of this Court to the Department of Treasury-Internal Revenue Service of the United States of America.

(b) The sum of $30,000.00 shall be paid by the Clerk of this Court to Stone & Berryman, Inc., and Michael Thompson.

(c) The sum of $16,850.00 shall be held by the Clerk in the registry of this Court, pending final judgments in Cause No. 117, 352–E, Celanese Coating Company, Devoe Paint Division vs. The Housing Authority of the City of Corpus Christi, et al, and Cause No. 117,345–E, Red

Henry Painting Company vs. The Housing Authority of the City of Corpus Christi, et al, on the docket of this Court.

(d) The balance of said funds, including any balance remaining in the registry of this Court out of the fund held under paragraph (c) hereof, shall be paid by the Clerk of this Court to the Plaintiffs herein, J. B. Price and Sam Higbee, doing business as Price Construction Company, and Bank of North Texas, Hurst, Texas.

The appellant-Garnishor, on August 7, 1975, filed with the court its controverting affidavit in response to the Garnishee's answer. In the affidavit, the Garnishor alleged among other things that the Garnishee is not indebted to the Bank because the Bank does not have a valid assignment of any interest in the judgment referred to in Cause No. 111,185–E, and such assignment is specifically prohibited by law; and that the funds which have been deposited into the registry of the Court are by law trust funds under Article 5472e, Tex.Rev. Civ.Stat.Ann. (Supp.) to be held to pay mechanics and materialmen pursuant to a contract which Price Construction Company had with the Housing Authority of the City of Corpus Christi to make certain repairs following Hurricane Celia.

On August 7, 1975, appellant-Garnishor filed with the court a set of interrogatories propounded to the Intervenor, Bank of North Texas. These were apparently served on the Bank's attorney on August 6, 1975. Appellant in said interrogatories required the Bank to answer them on or before August 18, 1975. On August 15, 1975, the Bank-Intervenor objected to the interrogatories requesting that they be quashed asserting, among other things, that pursuant to Rule 168, T.R.C.P., they were entitled to at least fifteen (15) days in which to answer wherein the instructions in the interrogatories called for an answer within twelve days of their service; and that such interrogatories were untimely filed, the case having been on file for over two years. A hearing on the objections was set for August 20, 1975, at which time, the trial court sustained the objections. The appellant-Garnishor then filed a supplemental motion for continuance which was also denied. The case was then called for trial. The appellant-Garnishor announced "not ready". On August 29, 1975, after hearing evidence, judgment was entered quashing the writ of garnishment.

Appellant first asserts that the trial court erred in failing to hold that said funds were being held in trust by the Garnishee as trustee for the use and benefit of the Garnishor as a materialman and in failing to enter judgment for the Garnishor in the amount of the judgment in Cause No. 111, 185–E by virtue of Article 5472e, Tex.Rev. Civ.Stat.Ann.

The statute, Article 5472e, referred to by appellant provides in part as follows:

Section 1. All moneys or funds paid to a contractor or subcontractor or any officer, director or agent thereof, *under a construction contract for the improvement of specific real property in this state,* and all funds borrowed by a contractor, subcontractor, owner, or any officer, director or agent thereof, for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds *for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property;* provided, however, that moneys paid to a contractor or subcontractor or borrowed by a contractor, subcontractor, or owner may be used to pay reasonable overhead of said contractor, subcontractor, or owner, directly related to such construction contract. The contractor, subcontractor, owner, or any officer, director or agent thereof, receiving such payments or funds, or having control or direction of same, is hereby made and constituted a Trustee of such funds so received or under his control or direction." (Emphasis supplied.)

■ The trial court found that the final judgment entered in Cause No. 111,185–E in favor of Intervenor (Bank) and Price Construction Company clearly determined the issue of the Intervenor's interest in said funds and established that said funds are jointly owned by Intervenor and Price Construction Company. Among its conclusions of law, the trial court held that the Garnishor (Celanese) had the burden of proving its entitlement to the benefits and protection of Article 5472e which it did not do. The Garnishor had the burden of showing that the money recovered by Price Construction Company and the Bank was recovered "under a construction contract for the improvement of specific real property in this state", and that it was within the class of persons protected by the statute. *Red Henry Painting Company v. Bank of North Texas,* supra; *Panhandle Bank & Trust Company v. Graybar Electric Company, Inc.,* 492 S.W.2d 76 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.). See Exhibit 1 (Second ˙ Amended Original Petition in Cause No. 111, 185–E, filed by J. B. Price and Sam Higbee, d/b/a Price Construction Company, and the Bank of North Texas, plaintiffs, against Housing Authority of the City of Corpus Christi and Fort Worth Lloyds Insurance Company, defendants) offered and admitted into evidence shows that the plaintiffs therein sought recovery of money damages for *breach of a written contract, or, in the alternative, on quantum meruit, or implied contract in law.* The judgment entered in Cause No. 111, 185–E on April 10, 1973, in favor of Price and Higbee and the Bank, of which a copy was also admitted into evidence, does not state the ground on which it was rendered, whether on breach of contract, or quantum meruit, nor is such ascertainable from the judgment.

■ The Honorable Richard B. Stone, the attorney for the plaintiffs in Cause No. 111, 185–E, testified that the reason the judgment was made payable jointly was because the Bank had advanced funds (interim construction funds) to Price and Higbee for the performance of this contract; and the Bank of North Texas also had an assignment of these funds. He further testified that the case went to trial on three different theories and in his opinion the evidence would have sustained any one or all of the theories. As this Court held in *Red Henry Painting Company v. Bank of North Texas,* the statute (Article 5472e) does not apply to a recovery based on quantum meruit. Under the state of this record, it is uncertain whether the judgment in Cause No. 111, 185–E was based on a breach of contract or quantum meruit.

It is also questionable whether the funds in the hands of the Garnishee (District Clerk) referred to the improvement of specific real property in this State. See *Red Henry Painting Company v. Bank of North Texas,* supra, at p. 343.

The appellant-Garnishor, however, attempted by oral testimony to introduce into evidence the contents of a certain written insurance policy referred to in the subject contract, which allegedly described the specific real property to be improved. The Bank objected stating that the introduction of such testimony violated the "Best Evidence Rule". The trial court sustained the objection and excluded the evidence.

It appears, however, that at the close of the evidence, the trial court reversed its rulings as to the exclusion of the above ˳ evidence, stating:

" . . . The Court in reviewing the matters involved in the bills of exception: although believing that some of them involve pure hearsay and the Court intending to rely on its ability to be able to weigh properly the evidence, and also realizing that a judgment cannot be based on inadmissible testimony for the sake of having fully before it all these matters, the Court is going to reverse its rulings and admit all of the evidence excluded and objected to by way of the garnishor's bills of exception."

■ It is evident that the trial court in rendering its judgment did not consider the evidence relating to the contents of the insurance policy where such clearly violated the "Best Evidence Rule". Where inquiry

is being made as to the contents of a material document, the only competent evidence of such contents is the document itself, unless the document be first shown to be unavailable as being lost or destroyed or absent from the jurisdiction without fault on the part of the person offering the evidence, or as being in the adversary's possession where he has been notified to produce it, or as being a part of the public records, in all which cases other evidence may be resorted to. C. McCormick & Ray, Texas Evidence § 1562, 1563 (2d ed. 1956).

In the case at bar, the original document (insurance policy) was neither produced or placed in evidence nor was its absence or failure to produce accounted for. Therefore, this evidence allegedly describing the specific real property to be improved, was inadmissible and was evidently not considered by the trial court in rendering its judgment quashing the writ of garnishment. See *Panhandle & Santa Fe Ry. Co. v. McDonald*, 227 S.W.2d 601 (Tex.Civ.App. —Eastland 1950, writ ref'd); *Fechtel v. Gatewood*, 470 S.W.2d 293 (Tex.Civ.App.— Tyler 1971, writ ref'd n. r. e.); *Kemp v. Harrison*, 431 S.W.2d 900 (Tex.Civ.App.— Houston [14th Dist.] 1968, writ ref'd n. r. e.).

The appellant-Garnishor failed to satisfy its burden of showing its entitlement to the benefits and protection of Article 5472e. Appellant's points of error 1, 2 and 3 are overruled.

The appellant-Garnishor in its points of error 4–6 asserts that the trial court erred in its judgment by granting the funds to Intervenor (Bank of North Texas) as there was no evidence or insufficient evidence presented that the Bank was entitled to the funds and that the Bank did not meet its burden of proof that it was entitled to receive the funds held by the Garnishee.

In *Red Henry Painting Company v. Bank of North Texas,* supra, at p. 342, we stated: "Since all monies recovered by Price and Higbee were jointly owned by them and by the Bank, appellant, the garnishor, had the burden of proving what portion, if any, of

the funds in the hands of the garnishee was severally owing to the judgment debtors (Price and Higbee, d/b/a Price Construction Company) *only.*" See *Red Henry Painting Company v. Bank of North Texas,* 521 S.W.2d 339, 343 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Gottesman v. Toubin,* 353 S.W.2d 294 (Tex.Civ.App.—Houston 1962, no writ); *Nesbit v. Dallas Bank & Trust Co.,* 82 S.W.2d 692 (Tex.Civ.App.— Dallas 1935, no writ); *Stallings v. Jim Handley, Inc.,* 181 S.W.2d 814 (Tex.Civ.App. —Galveston 1944, no writ). The appellant in its brief states that this Court in the Red Henry case made an unwarranted, unproven assumption that the monies recovered by Price & Higbee, d/b/a Price Construction Company were jointly owned by them and the Bank and in our "dicta" wrongfully put the burden of proof on Garnishor to prove the portion of the funds belonging to Price Construction Company only. This argument is without merit.

The judgment entered in Cause No. 111, 185–E, was a joint recovery whereby the plaintiffs J. B. Price and Sam Higbee, d/b/a Price Construction Company and the Bank of North Texas, recovered from The Housing Authority and Fort Worth Lloyds the sum of $122,989.82. Additionally in its application for writ of garnishment, the Garnishor (appellant herein) admitted that the funds held by the Garnishee were funds which were jointly owned by Price and Higbee (judgment debtors) and the Bank.

With respect to the placement of the burden on the appellant-Garnishor by this Court to prove what portion of the funds held by the Garnishee belong to the judgment-debtors (Price & Higbee) only, appellant-Garnishor argues that it was the Bank's burden of proof to show that it was entitled to receive all of the funds held by the Garnishee (District Clerk) citing as its authorities: *Panhandle Bank & Trust Company v. Graybar Electric Company, Inc.,* 492 S.W.2d 76 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.) and *Corpus Christi Bank and Trust v. Smith,* 525 S.W.2d 501 (Tex. Sup.1975). We disagree. Both of these cases were interpleader actions and unlike

the case before us, each claimant in an interpleader action has the burden of proving their claims and relative priority as to all other claimants. See Rule 43, T.R.C.P.; *Panhandle Bank & Trust Company v. Graybar Electric Company, Inc.,* supra. Since all the monies recovered by Price Construction Company and the Bank were jointly owned by them, the Garnishor had the burden of proving what portion, if any, of the funds in the hands of the Garnishee was severally owing to the judgment debtors (Price & Higbee, d/b/a Price Construction Company) only. *Red Henry Painting Company v. Bank of North Texas,* supra; *Gottesman v. Toubin,* supra; *Nesbit v. Dallas Bank & Trust Co.,* supra; *Stallings v. Jim Handley, Inc.,* supra; 27 Tex.Jur.2d Garnishment § 121. We hold that the appellant-Garnishor has failed to show what funds, in the hands of the Garnishee (District Clerk) belonged to the judgment debtors only, therefore failing to sustain its burden of proof. Appellant's points of error 4, 5 and 6 are overruled.

The appellant in its points of error 6 and 7 complains of the trial court's action in denying its first and supplemental motion for continuance asserting that the trial court abused its discretion in doing so. Although the trial court denied appellant's first motion for continuance, it did recess the trial for two weeks until August 20, 1975.

The matter of granting a continuance rests with the sound discretion of the trial judge and an order denying or granting a motion will not be disturbed on appeal unless there was an abuse of discretion. *Sherrill v. Estate of Plumley,* 514 S.W.2d 286 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Hernandez v. Heldenfels,* 374 S.W.2d 196 (Tex.Sup.1964); *J. C. Penney Company v. Duran,* 479 S.W.2d 374 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.). We have reviewed the entire record and find no showing of an abuse of discretion by the trial judge. Appellant's points of error 7 and 8 are overruled.

Finally, the appellant asserts in its points of error 9 and 10 that the trial court

erred and abused its discretion in refusing to require appellee (Bank) to answer the interrogatories propounded to it and in granting Intervenor's motion to quash said interrogatories.

On August 6, 1975, interrogatories were served on counsel for Intervenor Bank reciting the answer day on August 18, 1975. This allowed appellee only twelve (12) days instead of fifteen (15) days in which to answer. Rule 168, T.R.C.P. The Bank filed objections to the Garnishor's interrogatories on August 15, 1975, and set a hearing on August 20, 1975, the same date the trial court had ordered the parties back for trial. In its objections to the interrogatories, the Bank stated that it was entitled to at least fifteen (15) days from the date of service to answer the same; that many of the interrogatories inquire of matters of which the Bank had no knowledge and that such matters are wholly irrelevant to the issues in this case; that the interrogatories were served with the purpose of causing the Bank to expend unnecessary time and money to answer them and claimed they are an inconvenience to the Bank, its officers, employees and counsel; and that to now require the Bank to answer them after this case has been on file for over two years would cast upon it an unreasonable and unnecessary burden. The trial court granted the Bank's motion to quash these interrogatories.

Rule 168, T.R.C.P. provides in part as follows:

" . . . The party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories *within the time specified by the party serving the interrogatories which specified time shall not be less than 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time."* (Emphasis supplied.)

The Bank was not allowed the minimum time specified in the rule in which to answer. This alone was sufficient for the

trial court to quash the interrogatories. The trial court has considerable discretion in such cases. The appellant has failed to show an abuse of such discretion. It is also clear that had the Bank been allowed its full fifteen (15) days to which it was entitled, the date for answering would have fallen on the last day of the trial, therefore extending pre-trial proceedings into the time of trial. Such is not allowed. See *American Central Insurance Co. v. Texhoma Stores, Inc.,* 401 S.W.2d 593 (Tex.Sup. 1966); *Hankins v. Haffa,* 469 S.W.2d 733 (Tex.Civ.App.—Amarillo 1971, no writ); *Ana-Log, Inc. v. City of Tyler,* 520 S.W.2d 819 (Tex.Civ.App.—Tyler 1975, no writ). Compare: *Bynum v. Shatto,* 514 S.W.2d 808 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). Appellant's points of error 9 and 10 are overruled.

The judgment of the trial court is AFFIRMED.