**BERGER ENGINEERING CO.,**
**Appellant,**

v.

**VILLAGE CASUALS, INC., Appellee.**

**No. 8161.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 14, 1978.

W. Mike Baggett, Dallas, for appellant.

Emerson Banack, Jr., San Antonio, for appellee.

DIES, Chief Justice.

On June 1, 1976, Village Casuals, Inc., defendant below, and appellee here, contracted with Charles C. Madden (contractor) to construct the interior of its San Antonio Windsor Park Mall store for the contract price of $91,160 and the interior of its Houston Greenspoint Shopping Mall store for the contract price of $82.823. In turn, Madden executed subcontracts with plaintiff below, Berger Engineering Co., for the air conditioning and heating supply and installation for the San Antonio store for $12,420 and for the Houston store for $9,890.

Plaintiff is still owed $14,425 for this work but failed to timely file a builder's and mechanic's lien against defendant pursuant to *Tex.Rev.Civ.Stat.Ann. art. 5452* (Vernon Supp.1978). Contractor is in bankruptcy, and defendant has withheld some $83,000 from contract price it owes contractor.

On April 28, 1977, plaintiff sent defendant a demand letter, threatening to take out the equipment it had installed if it was not paid. Defendant filed a petition for a temporary restraining order to prevent plaintiff from carrying out its threats. Plaintiff answered and filed a counterclaim for recovery of the amounts owed it.

Trial was to a jury, and, after plaintiff presented his evidence, defendant moved for a directed verdict denying all of plaintiff's affirmative causes of action and requesting a permanent injunction to prevent plaintiff from removing the equipment. The court granted this request from which plaintiff brings this appeal.

■ This directed verdict is proper only if there is no evidence to support the submission of a necessary issue, and on appeal we must indulge every inference that may be properly drawn from the evidence against the action of the trial court. *Echols v. Wells,* 510 S.W.2d 916 (Tex.1974); *Anderson v. Moore,* 448 S.W.2d 105 (Tex.1969).

■ In its first two points of error, plaintiff contends that a trust fund is established by *Tex.Rev.Civ.Stat.Ann. art. 5472e* (Vernon Supp.1978) on the money owed the contractor by defendant. This statute provides an additional security in favor of laborers and material men under the existing lien laws. *Panhandle Bank & Trust Co. v. Graybar Electric Co., Inc.,* 492 S.W.2d 76, 81–82 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.). The statute provides (in part):

"Section 1. All moneys or funds paid to a contractor . . . under a construction contract for the improvement of specific real property in this state, and all funds borrowed by a contractor . . . for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds for the benefit of the . . subcontractor. . . ." etc.

Plaintiff did not prove that either of these conditions existed (i. e. funds paid to

contractor; or borrowed money secured by a lien on the specific property); hence the directed verdict as far as this statute is concerned is proper. See *Bank of North Texas v. Red Henry Printing Co.*, 509 S.W.2d 444, 448 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Plaintiff insists the following excised part of the statute makes defendant trustee of the funds owed the contractor. "The . . . owner, receiving such payments or funds, or having control or direction of same, is hereby made . . . a Trustee of such funds. . . ." The answer to this is "such payments or funds" refers to those stipulated in the first part of *article 5472e*, i. e. paid contractor, or borrowed by owner giving a lien on the specific property.

Plaintiff cites us *Owens v. Drywall and Acoustical Supply Corp.*, 325 F.Supp. 397 (S.D.Tex.1971). This case is distinguishable for it involved funds that had been paid to the IRS pursuant to a tax lien against a contractor. Further, there the court compared a New York statute which specifically stated:

"For the purpose of a civil action only, the trust funds shall include the right of action upon an obligation for moneys due or to become due to a contractor, as well as moneys actually received by him."

See *Terns v. Whispell*, 227 F.Supp. 498, 501 (S.D.N.Y.1964). These points are overruled.

Plaintiff's next two points of error assert that he was entitled to recovery under quantum meruit. Quantum meruit, or unjust enrichment, is a proceeding independent of a contract. *Childress v. Smith*, 90 Tex. 610, 40 S.W. 389, 391 (1897). And the right is based on an implied contract to pay for benefits accepted and received. *City of Sherman v. Conner*, 88 Tex. 35, 29 S.W. 1053, 1055 (1895); *Humphrey v. Placid Oil Co.*, 142 F.Supp. 246 (E.D.Tex.1956), aff'd 244 F.2d 184 (5th Cir. 1957). See also *Davidson v. Clearman*, 391 S.W.2d 48, 50 (Tex.1965) and authorities there cited.

But, there must exist between the parties an implication that the party performing the services would be paid by the party accepting and benefiting by them. *Crockett v. Sampson*, 439 S.W.2d 355, 358 (Tex. Civ.App.—Austin 1969, no writ); *Crockett v. Brady*, 455 S.W.2d 807 (Tex.Civ.App.— Austin 1970, no writ).

Plaintiff's president testified there was never any agreement that plaintiff would be paid by defendant; that no one from defendant ever promised to pay for the work; and that "[t]he understanding is Mr. Madden [the contractor] get[s] paid, we get paid. And that's common in the construction industry."

These points are overruled.

Plaintiff's next points urge that it has a lien by virtue of *Tex.Const. art. XVI, § 37*, which follows:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

The Texas Supreme Court in *Da-Col Paint Manufacturing Co. v. American Indemnity Co.*, 517 S.W.2d 270, 273 (Tex.1974) held:

"Whether one is considered an original contractor or a subcontractor is of fundamental importance. A subcontractor does not have a constitutional lien." (Citing authorities)

Plaintiff's next point urges it has a common-law lien, which should have been submitted to the jury. Since this was not plead or raised in the trial court, we may not consider it here. See *Tex.R.Civ.P. 279*. This point is overruled.

Plaintiff urges it presented a fact issue of acquiring a lien under *Tex.Rev.Civ. Stat.Ann. art. 5454* (Vernon Supp.1978). The time allowed for perfecting a subcontractor's lien is ninety days after the date the indebtedness accrues, *Tex.Rev.Civ.Stat. Ann. art. 5453* (Vernon Supp.1978), which plaintiff did not observe. This point is overruled.

Our holding on the above points of error makes it unnecessary for us to consider plaintiff's last two points, and they are accordingly overruled.

The judgment of the trial court is affirmed.

AFFIRMED.