IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-525-CV





ALVIN DALE HENRY,



 APPELLANT


vs.





CYNTHIA PATRICIA (HENRY) ALLEN,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 117,698-B, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





PER CURIAM



 This is an appeal from a trial-court order denying appellant Alvin Dale Henry's
motion to modify in a suit affecting the parent-child relationship in which he sought a reduction
in his monthly child-support obligation. We will affirm.



BACKGROUND


 Henry and appellee Cynthia Patricia (Henry) Allen were divorced in Bell County
in February 1988. The divorce decree appointed Allen sole managing conservator of the couple's
three minor children. Henry was appointed possessory conservator and ordered to pay $690 per
month for child support. On April 7, 1989, Allen filed a motion to modify seeking an increase
in child-support payments and changes in possession of, and access to, the children. On
November 14, 1990, the trial court signed an order appointing Allen and Henry joint-managing
conservators. Henry was ordered to pay $784 per month for child support.

 Henry subsequently remarried and moved to Harris County. He continued to
commute to his $40,000.00 per year job in Temple until April or May 1991, when he secured
employment as an accounting manager for Sysco Corporation in Houston at a salary of
$52,000.00 per year. (1) On October 23, 1991, Sysco notified Henry that his employment would
cease at the end of November 1991 due to a work-force reduction. On November 1, 1991, Henry
filed a motion to modify seeking a reduction in his child-support obligation.

 In early December 1991, Henry found employment at Visiting Nurse Association
(VNA) at an annual salary of $52,000.00. Thereafter, he filed a motion to nonsuit his motion to
modify child support, which the trial court granted.

 On March 6, 1992, Allen filed a motion to modify seeking an increase in Henry's
child-support obligation. On April 1, 1992, Henry filed in the trial court a notice that he had been
"terminated" from his job at VNA. Henry had, in fact, quit his job. On April 16, 1992, Henry
filed an answer to Allen's motion to modify and a counter motion seeking a reduction in his child-support obligation. On June 30, 1992, the trial court denied both motions, leaving Henry's child-support at $784 per month. 

 On Henry's request, the trial court filed findings of fact and conclusions of law. 
See Tex. R. Civ. P. 297. Henry filed a motion for new trial, which the trial court overruled. 
Henry appeals the trial court's denial of his motion to modify.



DISCUSSION


 In points of error one and three, Henry (2) asserts that the trial court erred in denying
his motion to modify to reduce his child support to an amount in accord with the Family Code
child-support guidelines and within his ability to pay because there was no evidence or,
alternatively, insufficient evidence that he was intentionally unemployed or underemployed as a
plan to reduce his child support. See Tex. Fam. Code Ann. § 14.053(f) (West Supp. 1993) (if
actual income of obligor is significantly less than what he could earn because he is intentionally
unemployed, court may apply guidelines to his earning potential).

 The trial court made the following findings of fact and conclusions of law relevant
to these two points of error:



FINDINGS



3. Since the date of the prior order, ALVIN DALE HENRY has had substantial
increases in earnings, but, when a motion to modify child support was filed
in this case by CYNTHIA PATRICIA (Henry) ALLEN, ALAN DALE
HENRY deliberately and intentionally quit a job which was paying him over
$50,000.00 per year, and has since remained unemployed.


4. ALVIN DALE HENRY resides in a house owned by his present spouse, and
that spouse is fully employed.


5. ALVIN DALE HENRY has present income of approximately $231.00 per
week from unemployment compensation.


7. Modification of the present order for support of the children would not be in
their best interests.



CONCLUSIONS OF LAW



3. There has been a material and substantial change in the circumstances of
ALVIN DALE HENRY since the date of the prior order, November 14,
1990.


4. ALVIN DALE HENRY is intentionally unemployed and underemployed.


6. The current order for support of the children, entered November 14, 1990,
should not be modified.



Henry does not challenge the sufficiency of the evidence to support findings number three, four,
and five. Findings of fact which are unchallenged are binding on appellant and the reviewing
court. Gibbs v. Greenwood, 651 S.W.2d 377, 380 (Tex. App.--Austin 1983, no writ). 

 We believe the trial court's "conclusions of law" number three and four are actually
findings of fact. Therefore, "conclusion of law" number four is subject to a sufficiency of the
evidence challenge. The trial court's findings of fact are reviewable for legal and factual
sufficiency of the evidence by the same standards that are applied in reviewing the evidence
supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex. App.--Houston [14th
Dist.] 1990, no writ). In deciding a no-evidence point, we must consider only the evidence and
inferences tending to support the finding of the trier of fact and disregard all evidence and
inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert.
denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). See generally
William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence",
69 Tex. L. Rev. 515 (1991); Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65
(1974). When reviewing the factual sufficiency of the evidence, we must consider and weigh all
the evidence and should set aside the judgment only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor
Co., 715 S.W.2d 629 (Tex. 1986); see generally Powers & Ratliff, supra. When both no-evidence and insufficient-evidence points are raised, a court of appeals must consider and decide
"no evidence" points first. Cleaver v. Dresser Indus., 570 S.W.2d 479, 483 (Tex. Civ.
App.--Tyler 1978, writ ref'd n.r.e.); Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 Tex. L. Rev. 361, 369 (1960). 

 The only witnesses who testified at the hearing were Henry and Allen's attorney. 
The evidence and inferences tending to support the trial court's finding that Henry was
intentionally unemployed or underemployed are Henry's testimony that in February 1992 he and
Allen unsuccessfully attempted to reach an agreement for increased child support based on
Henry's increased earnings. When these nonjudicial efforts to resolve the issue failed, Allen filed
a motion to modify on March 6, 1992, seeking an increase in Henry's child-support obligation. 
Seventeen days later, Henry quit his $52,000.00 a year job at VNA. Henry then filed a counter
motion seeking to decrease his monthly child-support obligation. 

 Henry testified that he had temporary employment earning $1850 per month that
terminated the day before the hearing, that he should be able to earn between $45,000.00 and
$65,000.00 a year if a job were available, and that he quit an available job, the VNA job. On the
date of the hearing, Henry testified that he was unemployed and drawing $231.00 a week
unemployment. From this evidence the trial court could reasonably infer that Henry quit his job
and was underemployed or unemployed up to and including the time of the modification hearing
so that he could defeat Allen's attempt to obtain increased child support and succeed in his own
attempt to obtain a decrease in his child-support obligation. Accordingly, some evidence exists
to support the trial court's finding that Henry is intentionally unemployed. We overrule Henry's
first point of error.

 Henry maintained that he did not quit his job because of the child-support issue,
but because he was not able to see his children. The record evidence as a whole includes Henry's
testimony that he was putting in a lot of hours at his job at VNA. Henry testified he worked
twenty-five to fifty hours a week, sometimes longer. The week before he quit he was supposed
to have his children for spring vacation, but could not because he worked the whole week and
weekend, and working weekends was not part of his job. Henry further testified that the week
of spring vacation he came into work at 7:00 a.m., left at 6:00 p.m., and worked that weekend. 
Henry thought this schedule was a one-time deal, but the next Monday morning his boss told him
he, the boss, had another special project for which Henry would have to find or make time. 
Henry testified he "got fed up" and submitted his resignation. 

 Henry admitted into evidence respondent's exhibit number 1, an appeal decision
before the Texas Employment Commission showing that Henry quit for "good cause." The
commission found that Henry was hired with the understanding that he would work set hours and
days of the week, not including weekends, and the requirement that he work weekends was a
substantial change in his hiring agreement. 

 Henry further testified that he applied at a hospital, diagnostic center, "every
hospital in Houston," food places, Baker Shoes, "everywhere." He testified that he sent out fifty-five applications for jobs and had not even gotten rejections back. He further testified that a copy
of "the front page of the Houston Chronicle yesterday talks about rising unemployment in
Houston." (3)

 The trial court, as fact finder, is the judge of the credibility of the witnesses and
the weight to be accorded their testimony. Bandas Indus., Inc. v. Employers Fire Ins. Co. 585
S.W.2d 344, 347 (Tex. Civ. App.--Austin 1979, no writ). The trial court may disregard the
evidence of a particular witness in whole or in part. Harrell v. Sunylan Co., 97 S.W.2d 686, 689
(Tex. 1936); AATCO Transmission Co. v. Hollins, 682 S.W.2d 682, 685 (Tex. App.--Houston [1st
Dist.] 1984, no writ). The trial judge may have given greater weight to the evidence showing
that: (1) the parties were engaged in a dispute over child support that they could not amicably
resolve before Allen filed her motion to modify; (2) Henry quit his job only after Allen filed her
motion to modify; (3) Henry filed his own counter motion seeking a reduction in child support;
(4) Henry obtained temporary employment at a salary level that qualified him for reduced child
support under the child-support guidelines; (4) (5) Henry's temporary job terminated the day before
the hearing on the motions to modify; and (6) on the day of the hearing, Henry was unemployed
and receiving unemployment compensation. The trial court may have given less weight to
Henry's testimony that he quit his job because he could not see his children in the absence of any
evidence that Henry attempted to find new employment or planned to quit before Allen filed her
motion to modify. 

 Similarly, the trial court may have given less weight to Henry's testimony
regarding his efforts to find a job. Henry testified that he did not receive any rejections. He did
not offer documentary evidence to support his testimonial evidence that he sent out fifty-five job
applications and he did not testify as to when he sent out the applications. Thus, the trial court
may have judged Henry's testimony regarding his efforts to find employment as less credible than
his other testimony. Viewing all of the evidence, we cannot say that the trial court's finding that
Henry is intentionally unemployed is so contrary to the overwhelming weight of the evidence as
to be manifestly unjust. We overrule Henry's third point of error. 

 In his second point of error, Henry asserts that the child-support order requiring
him to pay $784 per month is an abuse of discretion because the evidence shows that he did not
earn enough to provide properly for the three children and to provide himself a minimum living. (5) 
In point of error five, Henry's asserts that the trial court erred in denying his motion to modify
because the determination that an amount of $784 was within his ability to pay was against the
great weight and preponderance of the evidence. See Raw Hide Oil & Gas, Inc. v. Maxus
Exploration Co., 766 S.W.2d 264, 275-76 (Tex. App.--Amarillo 1988, writ denied). In his fourth
point of error, Henry asserts the trial court erred in denying his motion to modify because no
evidence exists to support the trial court's finding that modification of the present order for
support of the children would not be in their best interest. Because these points are interrelated,
we will discuss them together. In reviewing these points, we keep in mind that Henry and this
Court are bound by the trial court's unchallenged findings and those findings for which we already
have found sufficient support in the evidence.

 The determination of what is in the children's best interest is within the sound
discretion of the trial court and will not be overturned absent an abuse of discretion. MacCallum
v. MacCallum, 801 S.W.2d 579, 582 (Tex. App.--Corpus Christi 1990, writ denied). Henry has
mischaracterized the error asserted in point of error four. Henry had the burden to show that
reducing his child-support obligation was in the best interest of the children. Thus, he must show
that, as a matter of law, the evidence conclusively established all vital facts in support of the issue. 
In reviewing "as a matter of law" challenges, we employ a two-prong test. This Court first
examines the record for evidence that supports the finding, while ignoring all evidence to the
contrary. If there is no evidence to support the finding, we then examine the entire record to
determine if the contrary proposition is established as a matter of law. Sterner v. Marathon Oil
Co., 767 S.W.2d 686, 690 (Tex. 1989).

 The trial court found that Henry deliberately and intentionally quit his job at VNA
and is intentionally unemployed. The record evidence supports these findings. If the actual
income of the obligor is significantly less than what the obligor could earn because the obligor is
intentionally unemployed, the court may apply the child-support guidelines to the earning
potential of the obligor. Tex. Fam. Code Ann. § 14.053(f) (West Supp. 1993). It was within the
trial court's discretion to apply the child-support guidelines to Henry's "earning potential" based
on its finding that Henry was intentionally unemployed. The trial court was not required to set
child support based on Henry's current ability to pay. Henry testified at the hearing that he
should be able to make between $45,000 and $65,000 a year if a job is available. Applying the
guidelines to Henry's earning potential, the trial court could have set Henry's child support at
more than $784 per month. See Act of May 12, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex.
Gen. Laws 2030, 2038 (Tex. Fam. Code Ann. § 14.055(b), since amended) (setting forth child-support guidelines then in effect). Accordingly, some evidence supports the trial court's finding
that it was not in the best interest of the children to modify the November 14, 1990, order. No
abuse of discretion is shown. We overrule Henry's second, fourth, and fifth points of error.



 CONCLUSION


 The trial court's judgment is affirmed. 


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: November 10, 1993

Do Not Publish

1. [1]  Henry is a certified public accountant.
2. [2]  Henry appeared pro se in the trial court and is acting pro se on appeal.
3. [3]  In reviewing the sufficiency of the evidence, we do not consider Henry's remarks during
closing arguments or at the motion for new trial, or the allegations in his motion for new trial. 
See Red Henry Painting Co. v. Bank of N. Texas, 521 S.W.2d 339, 343 (Tex. Civ. App.--Corpus
Christi 1975, no writ) (pleadings are hearsay and have no probative or evidentiary value even
when admitted without objection); Kern v. Gleason, 840 S.W.2d 730, 734 (Tex. App.--Amarillo
1992, no writ) (arguments of counsel are not evidence). 
4. [4]  See Act of May 12, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex. Gen. Laws 2030, 2038
(Tex. Fam. Code Ann. § 14.055(b), since amended).
5. [5]  The trial court's order did not set Henry's child-support obligation. The trial court's order
simply denied both Allen's and Henry's motions to modify child support, leaving in place the
November 14, 1990, order setting Henry's child-support obligation at $784 per month.